## TUCK *v.* OLDS and others.

*(Circuit Court, W. D. Michigan, S. D.* October Term, 1886.)

1. COSTS—WITNESS MAKING EXAMINATION OF DOCK.

A fee to witness for his services in making a preliminary examination of the *locus in quo,* a certain dock, the exact location of which was in question, cannot be allowed to be taxed as costs, costs being the creature of statute, and the statute not authorizing such an allowance; and it is immaterial that the survey was made in order that intelligent testimony might be given upon the question of location.

2. SAME—SOLICITOR'S FEE FOR TAKING DEPOSITIONS.

Rev. St. U. S. § 824, allowing an attorney's or solicitor's fee of $2.50 for each deposition taken and admitted in evidence in a cause, does not apply to depositions taken before any of the regular examining officers of the court, in the ordinary way of taking depositions, or before some person agreed on by the parties to act as examiner, but applies only to depositions taken *de bene esse,* and in such other cases, not within the scope of the ordinary method of taking testimony in causes pending in the federal courts, as may arise.

3. SAME—WITNESS FEE TO PARTY TO ACTION.

A witness fee to a party to the action is taxable in the federal court as costs, provided the party causes it to appear by his affidavit, annexed to his bill of costs, that his attendance was solely for the purpose of giving his evidence in the action, and not to assist in its management. Although these facts do not appear by the affidavit in a cause, yet, where the omission is not excepted to, the fee will be allowed as already taxed, upon the party filing an affidavit stating the facts. No allowance of traveling fees can be made where the party does not appeal from the disallowance thereof by the clerk.

In Equity. On motion for retaxation of costs.

*Taggart, Wolcott & Ganson,* for complainant.

*Dart & Call* and *G. A. Wolf,* for defendants.

SEVERENS, J. The complainant's costs in this cause having been taxed, a motion for retaxation thereof is now made, presenting three points for determination:

*First.* Exception is taken to the allowance by the taxing officer of nine dollars for a survey made by one of the witnesses of the *locus in quo,* a certain dock, the exact location of which was somewhat in controversy in the case. The regular fees of this witness in the case appear to have been duly taxed according to the provisions of law, and this item of nine dollars is not for his fees as a witness, but for his services in making a preliminary survey of the dock for the purpose of qualifying him to testify with precision as to its situation. However desirable it may have been in the interest of the complainant that such survey should be made, in order that intelligent testimony upon that subject might be presented, and reasonable as it might seem, as an abstract proposition, that he should be compensated for the expenditure thereby incurred, as a question of law I have no doubt that the item must be disallowed. Costs are the creature of statute law, and there is nothing in the statutes regulating the taxation of costs which would justify the allowance of this item.

*Second.* Exception is also taken to the allowance of $10 as solicitor's fees for the taking of four depositions in the cause, which were taken at Petoskey, before John G. Hill, Esq., pursuant to an order of this court, based upon the stipulation of the solicitors in the cause, constituting him a special examiner for that purpose. It will be seen, therefore, that these depositions, although not taken before a regular examiner of this court, were taken in strict analogy to the ordinary practice of the court regulating the taking of testimony in causes, and that the authority to take them was conferred by the court in compliance with the stipulation of the parties. I do not think that the statute providing for the taxation of attorney's or solicitor's fees for taking depositions covers, either by its express terms or by any fair interpretation thereof, depositions taken before any of the regular examining officers of the court in the ordinary way of taking testimony in equity causes, or, as these were, before some person who, pursuant to the stipulation of the parties, is empowered to act in lieu of such an examiner. It is probable that the statutory provision was intended to provide for compensation in cases where depositions are taken *de bene esse,* and in such other cases, not within the scope of the ordinary method of taking testimony in causes pending in the federal courts, as may arise. The exception to this item must also be sustained.

The *third* exception relates to the allowance of an item of three dollars to the complainant for his attendance as a witness. The bill, as presented to the taxing officer, contained a charge also for complainant's traveling fees as a witness, but that charge was disallowed by the clerk. The objection to the allowance for his attendance as a witness is put upon the broad ground that witness fees for a party are not taxable at all in this court. I cannot assent to that proposition, but shall hold that in this court, as is held in the courts of the state, a party is entitled to

witness fees for his own attendance and travel, provided he causes it to appear by his affidavit attached to the bill of costs that his attendance was solely for the purpose of giving his evidence in the cause, and not to assist in its management, and that the travel was solely for the purpose of giving his evidence therein. These facts do not appear by the affidavit filed in this cause, nor is the want of such showing excepted to specifically on this ground by the defendants. Under these circumstances, the complainant's fees for attendance as a witness will be allowed as already taxed, upon his filing a supplemental affidavit in conformity to this opinion, but he cannot now be allowed his traveling fees, as he did not appeal from the disallowance thereof by the clerk.