## HALL v. KELLER et al.
### Civ. No. 2315.

United States District Court
W. D. Louisiana, Lake Charles Division.

Feb. 2, 1949.

Original opinion 80 F.Supp. 763.

Thomas E. Scofield, of Kansas City, Mo., and Moss & Graham, of Lake Charles, La., for plaintiff.

Reginald E. Caughey, of Los Angeles, Cal., and Plauche & Stockwell, of Lake Charles, La., for defendants.

PORTERIE, District Judge.

The issue as to whether or not attorney's fees under 35 U.S.C.A. § 70 are due has been made. The opinion on the merits is at D.C., 80 F.Supp. 763.

It is sought to eliminate from the judgment signed the following language: "and attorneys' fees in the amount of Twenty-five Hundred Dollars ($2500.00) which are deemed to be reasonable". The amount of $2,500, if the fees be legally due, is mutually considered to be reasonable. The legal phase was really not seriously considered by us before now.

The pertinent portion of 35 U.S.C.A. § 70, reads as follows: "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case."

For one party litigant to be cast for the attorney's fees of the other party litigant is not of the ordinary. Generally there is a statute; the provision is either mandatory or discretionary.

In the instant case it is discretionary. Therefore, the court should and must give reasons.

We have been furnished the following: 35 U.S.C.A. § 70; House Bill, H.R. 5311, 79th Congress, 2nd Session; House Report No. 1587, Part 1, February 19, 1946, and Part 2 of February 28, 1946; Senate Report 1503 of March 5, 1946. This latter Report stated: " * * * the provision relating to attorney's fees is made discretionary with the court. It is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits, but discretion given the court in this respect, in addition to the present discretion to award triple damages, will discourage an infringer of the patent thinking all he would be required to pay if he loses the suit would be a royalty. The provision is also made general so as to enable the court to prevent a gross injustice to an alleged infringer."

We have also read and considered the following cases furnished us: Juniper Mills, Inc. v. J. W. Landenberger & Co., D.C., 6 F.R.D. 463; National Brass Co. v. Michigan Hardware Co., D.C., 75 F.Supp. 140; Lincoln Electric Co. v. Linde Air Products Co., D.C., 74 F.Supp. 293; Blanc v. Spartan Tool Co., 7 Cir., 168 F.2d 296; Aeration Processes, Inc. v. Walter Kidde & Co., Inc., D.C., 77 F.Supp. 647; Faulkner v. Gibbs, 9 Cir., 170 F.2d 34; Barber-Colman Co. v. Sampsel Time Control, D.C., 78 F.Supp. 770; Refrigeration Engineering v. York Corporation, 9 Cir., 168 F.2d 896.

The complainant was upheld in his patent by us; the defendant prevailed because it was a co-owner of the patent in suit. The case hinged upon the interpretation of a contract. We believe that there was mutual probable cause for the suit; either side could well and reasonably have filed the suit, as the reading of the opinion, supra, will disclose.

It would seem that in the proper exercise of our discretion we should declare the attorney's fees are not due.

The other litigant claims that: "The judgment was based upon the conclusions and findings entered and primarily upon the finding of the court that the defendant, B. & W., Inc., was a part owner in and to the patent in suit. This defense was made known to the plaintiff a number of months before trial and prior to the taking of any depositions to establish the public use and sale in California. The plaintiff was fully aware of the evidence upon which the defense was based. Notwithstanding this knowledge, the plaintiff forced the defendants to trial in the Western District of Louisiana, a considerable distance removed from defendant's, B & W, Inc., principal place of business and from the residence of its attorneys. Furthermore, instead of bringing the action against B & W, Inc. in the state of its incorporation, i.e. California, he filed two additional actions involving the same patent within the State of Texas. One of these was filed in Houston against B & W, Inc. and one of B & W, Inc.'s employees and the other action was filed in Corpus Christi, Texas, against an agent or dealer of B & W, Inc. Both of these cases pending at the present time and the defendant, B & W, Inc., has been forced to spend considerable time and money in connection therewith. If this court is of the opinion that there should be excep-

tional circumstances involved in the patent action in order to award attorneys' fees, it is defendants' contention that the filing of three cases involving the same patent and either against B & W, Inc. or its dealers is harassment. What other purpose could there be for filing three patent actions involving the same patent and at approximately the same time so that all of the actions were copending? The title and number of the actions referred to are as follows: (Here follows exact descriptions).

"That the actions are copending and were filed at approximately the same time is shown by Shepard's Federal Reporter Citations, advance sheet 4 for October 1948, p. 246, * * *

"Referring to the Official Gazette of the Patent Office, Vol. 606, pp. 376, 377, notes patent suits filed in the United States wherein notices have been given under § 4221 of the Revised Statutes. (Here again is shown the title, number, and description of each of the three suits).

"It will be noted that all of these actions were filed on or about the same time, with the action in Houston being filed earlier, that they involved the same patent and involved either B & W, Inc. or its dealers."

Granting the harassment and that the defendant suffered serious damages, we believe this character of claim is described (and would be proved upon a special hearing) in the first part of the same paragraph of 35 U.S.C.A. § 70, by the language: "* * * and upon a judgment being rendered in any case for an infringement the complainant shall be entitled to recover general damages which shall be due compensation for making, using, or selling the invention, not less than a reasonable royalty therefor, together with such costs, and interest, as may be fixed by the court"; and would not be classified and indemnified under the provisions for the payment by the losing party of the attorney's fees of the prevailing party in this case.

Accordingly, the former judgment will be modified in that the language: "and attorneys' fees in the amount of Twenty-five Hundred Dollars ($2500.00) which are deemed to be reasonable" is to be deleted.