### PHILLIPS PETROLEUM CO. v. ESSO STANDARD OIL CO.

Civ. 3065.

United States District Court
D. Maryland.

Feb. 14, 1950.

Thomas W. Y. Clark, of Baltimore, Md., J. Bernhard Thiess, Thorley von Holst, Sidney Neuman, and Robert W. Poore, all of Chicago, Ill., and T. B. Hudson, J. A. Young, and J. O. Turner all of Bartlesville, Okl., for plaintiff.

William L. Marbury, of Baltimore, Md., Theodore S. Kenyon and Malvin R. Mandelbaum, of New York City, Benjamin B. Schneider, of Chicago, Ill., and James K. Small, of Elizabeth, N. J., for defendant.

WILLIAM C. COLEMAN, Chief Judge.

The sole question presented is whether the Court should grant defendant's motion, made at the close of the trial of this patent suit, for an award of reasonable attorney's fees upon the entry of judgment.

Defendant's motion is based upon Section 70 of Title 35 of the United States Code Annotated, as amended August 1, 1946, which provides that "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment in any patent case."

At the close of the trial, this court rendered its opinion, 91 F.Supp. 218, holding claim 2 of the patent and the only claim in issue, not infringed by defendant, and refrained from making a specific finding with respect to the validity of this claim, on the authority of Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 and Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450. Thereupon defendant moved for allowance of attorney's fees as aforesaid, on the ground that it has been put to very heavy expense in relitigating the same issues that were tried and adjudicated in the Fifth Circuit, in a suit brought by the same plaintiff, Phillips Petroleum Company, against Shell Oil Company. That suit was commenced in the Southern District of Texas in 1941. There, claim 2, and non other, of the same patent was in issue. Also, the same prior art was involved, and the suit ended in a judgment of invalidity and noninfringement, which was affirmed by the Court of Appeals for the Fifth Circuit in March, 1948. Phillips Petroleum Co. v. Shell Oil Co., 166 F.2d 384. Petition for writ of certiorari was denied by the Supreme Court in October, 1948, 335 U.S. 817, 69 S.Ct. 37, 93 L.Ed. 372. While the Texas suit was pending, that is, in June, 1946, the present suit was instituted here and two other suits were commenced in the Texas District, one against the Texas Company and the other against the Humble Oil & Refining Company, an affiliate of Esso Standard Oil Company, the defendant in the present case. These two suits have not yet been brought to trial. Pending decision by the Fifth Circuit Court of Appeals and denial of certiorari by the Supreme Court in the Shell case, defendant's time for answering in the case at bar was several times extended by stipulation and order of this Court, by reason of the fact that the Shell case raised issues of law and fact substantially identical with those in the present case, both as respects infringement and patent validity.

Counsel for the present defendant contend there has occurred a seemingly unnec-

essary repetition of the same litigation in all material respects, resulting in another finding of noninfringement of plaintiff's patent by a process which is essentially the same, and whose products are likewise essentially the same as those of the Shell Company in the Texas suit, thereby subjecting defendant to a great deal of unjustifiable trouble and expense, including attorney's fees which are not assessable, as an addition to court costs, against the plaintiff independently of Section 70 of Title 35 of the United States Code Annotated, above quoted.

■ While there is much weight in defendant's contention, we are, nevertheless, not disposed to award attorney's fees since, harassing and costly as the present suit has undoubtedly been to the defendant, in prosecuting it plaintiff cannot be said to have done more than pursue a policy which the present state of our patent law procedure, as announced by the Supreme Court, clearly permits and encourages, and unless and until that situation is remedied by statute or by the Supreme Court, we are not disposed to make an award under the provisions of Section 70 of Title 35 of the United States Code, Annotated, except, of course, in a very extreme or aggravated situation involving more oppressive or vexatious conduct on the part of a patentee than we find in the present case.

■ The Supreme Court has ruled that a court whose jurisdiction is invoked by a suit for infringement of a patent must itself determine the questions at issue, notwithstanding a prior adjudication of the same issues in another forum, unless they have become res judicata by reason of the fact that both suits are between the same parties or their privies. Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949. See also E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corporation, 4 Cir., 122 F.2d 400, and cases cited therein. In other words, under the present state of the law, a defeated patentee is permitted to make repeated attempts in other forums in the hope that he ultimately will succeed, it not being the practice of the Supreme Court in patent suits to grant certiorari in the absence of conflicting decisions in different

Circuits. It is true a patentee may not assert his rights contrary to the public interest and unwarranted claims under patents are to be adjudged such for the very purpose of protecting the public. See Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; Edward Katzinger Co. v. Chicago Metallic Mfg. Co., 329 U.S. 394, 67 S.Ct. 416, 91 L.Ed. 374; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 788, 62 S.Ct. 402, 86 L.Ed. 363. However, the fact remains that unless and until the present law is changed, a duplicative suit such as the present one is, unfortunately, clearly permitted. The 1946 amendment to Section 70 of Title 35 authorizing an award of attorney's fees to the prevailing party permits departure from the long established practice in patent litigation. However, it should not be interpreted as being penal, but remedial in character, although one of the objects of the amendment is to discourage vexatious and unjustified litigation, and should be invoked when, but only when, such is clearly shown. See Activated Sledge, Inc., v. Sanitary District of Chicago, D.C., 64 F.Supp. 25, affirmed 7 Cir., 157 F.2d 517, certiorari denied 330 U.S. 834, 67 S.Ct. 970, 91 L.Ed. 1281, rehearing denied 330 U.S. 856, 67 S.Ct. 1092, 91 L.Ed. 1297; 331 U.S. 866, 67 S.Ct. 1347, 91 L.Ed. 1870; Lincoln Electric Co. v. Linde Air Products Co., D.C., 74 F.Supp. 293.

An examination of the various cases upon which defendant relies in support of its motion indicates that the facts in those cases were not sufficiently like those before us as to persuade us to follow them. The considerations which have guided us in the present case are, we think, correctly stated as follows, in Dixie Cup Co. v. Paper Container Mfg. Co., 174 F.2d 834, a decision of the Court of Appeals for the Seventh Circuit approving the trial court's denial of attorney's fees in a case that had twice previously been appealed,—a situation, to be sure, not identical with that before us, but illustrating the breadth of the trial court's discretion (174 F.2d 834, at page 836):

"The pertinent Act of Congress, 35 U.S. C.A. § 70, provides that upon judgment be-

ing rendered in any case for infringement 'the court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case.' It is clear, therefore, that whether the court will award any attorneys' fees is entirely a matter of discretion.

"Judicial discretion, as we understand it, is impartial reasoning, guided and controlled in its exercise by fixed legal principles, requiring the court, in consideration of the facts and circumstances, to decide as its reason and conscience dictate; it requires that the court be discreet, just, circumspect and impartial, and that it exercise cautious judgment. The term connotes the opposite of caprice and arbitrary action."

For the reasons given, defendant's motion is denied.