**HOPE BASKET CO. et al. v. PRODUCT ADVANCEMENT CORP. et al.**

Civ. A. No. 1104.

United States District Court
W. D. Michigan, S. D.

April 5, 1952.

Herbert H. Porter, Washington, D. C., Edwin T. Bean, Buffalo, N. Y., Harold W. Bryant, Grand Rapids, Mich., for plaintiffs.

Spencer, Marzall, Johnston & Cook, John A. Marzall and Lloyd C. Root, all of Chicago, Ill., Frank E. Liverance, Jr., Grand Rapids, Mich., for defendants.

STARR, District Judge.

**1.**

For a history of this litigation, reference is made to this court's opinion of Febru-

ary 17, 1950, reported in 89 F.Supp. 116, the affirmance by the Court of Appeals, 6 Cir., 187 F.2d 1008, and the Supreme Court's denial of certiorari, 342 U.S. 833, 72 S.Ct. 44.

In its opinion this court determined that the baskets manufactured by plaintiff Hope Basket Company subsequent to April 1, 1947, were within the scope of claim 2 of the basket patent, No. 1,895,586, which was held valid, and that the plaintiffs were obligated under the five license agreements to pay the specified royalties on baskets manufactured and sold by them during the life of the basket patent. It appears that in pursuance of this court's opinion the parties have agreed that there is an accrued balance of $18,993.52 due and owing from the plaintiffs to the defendant Product Advancement Corporation for royalties under the five license agreements during the life of the basket patent, which expired January 31, 1950. However, a dispute has arisen as to what interest, if any, the defendant corporation is entitled to recover on the royalties remaining unpaid after April 1, 1947. Therefore, the only questions presented for determination at this time are: (1) Is the defendant Product Advancement Corporation entitled to recover interest on the accrued monthly royalties remaining unpaid subsequent to April 1, 1947; (2) if the defendant corporation is entitled to recover interest, then for what period should it be computed; and (3) at what rate should the interest be computed?

Defendant Advancement Corporation contends that it is entitled to recover interest on the unpaid monthly royalties at the rate of 5 per cent from the respective dates that such royalties became due under the license agreements, until December 15, 1951,[1] and it has computed the interest to be the aggregate sum of $2,739.34. On the other hand, the plaintiffs first contend that the defendant is not entitled to recover any interest on the royalties remaining unpaid after April 1, 1947. In the alternative they contend that, if interest is to be allowed on these royalties, it should be computed only from March 29, 1951, the date of the de-

cision of the Court of Appeals or, at the very earliest, from February 17, 1950, the date of the decision of this court. Plaintiffs base their contentions on the ground that the license agreements between the parties contained no provision for the payment of interest upon accrued and unpaid royalties; also upon the ground that the claim of the defendant corporation for royalties was unliquidated, and that it was not entitled to interest until its claim had been judicially liquidated by the final decision of the Court of Appeals or, in any event, by the earlier decision of this court.

The plaintiffs' contention that defendant Advancement Corporation is not entitled to interest on the royalties accrued and unpaid after April 1, 1947, is without merit. The plaintiff companies were licensees under the defendants' patents, and the fact that the license agreements did not provide for interest on defaulted royalties will not bar defendant Advancement Corporation's legal right to interest, as it was not obliged to anticipate plaintiffs' default.

The plaintiffs also contend that defendant Advancement Corporation is not entitled to interest on the accrued and unpaid royalties, because the Court of Appeals in its opinion stated [187 F.2d 1015]: "We construe the ruling of the District Judge to be a finding that under all the facts and circumstances of the case the appellants and the other licensees were justified in discontinuing the payment of royalties after the termination of the machine patent and in having the question of further liability for royalties judicially determined." The plaintiffs argue that under this statement by the Court of Appeals they were justified in discontinuing the payment of royalties until the question of their liability therefor was judicially determined and, therefore, that interest should not be allowed on unpaid royalties until such determination. This contention by the plaintiffs is wholly without merit, as in their argument they have considered the above-quoted statement of the Court of Appeals

1. This date of December 15, 1951, is apparently an arbitrary one which the de-. fendant selected in making its computa-

tion of interest, and defendants' attorneys have informed the court that they will not claim interest beyond that date.

entirely out of context. In this statement the appellate court was considering this court's finding relative to the defendants' counterclaim for damages by reason of the plaintiffs' alleged wrongdoings in persuading, inducing, and coercing other patent licensees to cease paying royalties and to contribute to a fund to be used in connection with the prosecution of this suit. This court had held that this was a test case prosecuted by plaintiffs on behalf of themselves and other licensees of Advancement Corporation and that they were not guilty of harassing and vexatious tactics in financing and prosecuting this suit to obtain a judicial determination as to whether their liability for royalties under the license agreements terminated at the expiration of the machine patent on April 1, 1947, or at the expiration of the basket patent on January 31, 1950. The above-quoted statement of the Court of Appeals has no bearing whatever on the question of the plaintiffs' liability for interest on the royalties accruing under the basket patent after April 1, 1947.

■ The license agreements between the parties provided for an established royalty to be computed and paid monthly. In determining the right to interest on royalties the courts have distinguished between interest on damages determined on the basis of an established royalty, and interest on damages determined on the basis of a reasonable royalty. In Swan Carburetor Co. v. Nash Motors Co., 4 Cir., 133 F.2d 562, at page 567, certiorari denied 320 U.S. 762, 64 S.Ct. 36, 88 L.Ed. 454, the court said:

"Under the general rule, interest on damages ascertained on the basis of an established royalty runs from the time when the royalty should have been paid, while interest on damages calculated on the basis of a reasonable royalty does not begin to run, in the absence of special circumstances, until the amount of the damages has been judicially ascertained and liquidated." (See authorities cited.)

■ In the case of Tilghman v. Proctor, 125 U.S. 136, 143, 8 S.Ct. 894, 898, 31 L.Ed. 664, the court said:

"The amount of such royalties or license fees as he (the plaintiff) has been accustomed to receive from third persons for the use of the invention, with interest thereon from the time when they should have been paid by the defendants, is generally, though not always, taken as the measure of his damages".

In the cases of Newport News Ship building & Dry Dock Co. v. Isherwood, 4 Cir., 5 F.2d 924, and Chesapeake & O. Ry. Co. v. Kaltenbach, 4 Cir., 124 F.2d 375, 377, the damages allowed were on the basis of an established royalty and interest was computed and allowed from the time the royalties should have been paid. See also Munising Paper Co. v. American Sulphite Pulp Co., 6 Cir., 228 F. 700; Parker Rust Proof Co. v. Ford Motor Co., D.C., 23 F.2d 502.

The case of General Motors Corporation v. Dailey, 6 Cir., 93 F.2d 938, cited by plaintiffs was for damages for infringement of a patent, and damages were awarded on the basis of the court's determination of what was a reasonable royalty and interest was allowed only from the date the reasonable royalty and resulting damages were determined by the appellate court's decree. The case of Duplate Corporation v. Triplex Safety Glass Co., 298 U.S. 448, 56 S.Ct. 792, 80 L.Ed. 1274 and other authorities cited by the plaintiffs are not controlling on the question of interest in the present case, because each case cited involved an award of reasonable royalties against an infringer who was not a licensee and interest was allowed only from the time the claim for reasonable royalties was judicially liquidated. In each case cited there was no established rate of royalty, while in the present case the license agreements between the parties expressly established the rate of royalty.

■■ The court concludes that defendant Advancement Corporation is entitled to recover interest on the accrued royalties remaining unpaid after April 1, 1947. Furthermore, as the defendant's damages for unpaid royalties are based upon the royalties established by the license agreements

the interest should run from the respective dates the monthly royalties became due.

Having held that defendant Advancement Corporation is entitled to recover interest on the accrued and unpaid royalties, the remaining question is as to the rate of interest. In 3 Cyclopedia of Federal Procedure, 2d Ed., § 618, page 109, it is stated: "In a patent * * * case, interest on the damages allowed should follow the state rule as to the legal rate." Comp.Laws Mich. 1948, § 623.20, Stat.Ann.1951 cum. supp. § 27.1520, provides that the legal rate of interest in Michigan is 5 per cent. Therefore, the court holds that the interest here in question should be computed at 5 per cent. See Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477; Kaltenbach v. Chesapeake & Ohio Ry. Co., D.C., 43 F.Supp. 819, affirmed 4 Cir., 95 F.2d 801.

In summary, the court concludes that defendant Advancement Corporation is entitled to recover the sum of $18,993.52 as the balance due on royalties accrued and remaining unpaid after April 1, 1947, together with interest at the rate of 5 per cent from the date each royalty payment became due until December 15, 1951, which interest is computed in the total amount of $2,739.34. Judgment will accordingly be entered in favor of the defendant Product Advancement Corporation and against plaintiffs for the sum of $21,732.86.

## 2.

The defendants filed a bill and also a supplemental bill of costs, and costs were taxed by the clerk of the court. The items in the bill of costs and in the clerk's taxation of costs have been numbered, and in this opinion the court will refer to the items being reviewed by number.

Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part: "Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." The plaintiffs had filed objections to certain items of the defendants' proposed bill of costs, and both parties have moved the court to review the action of the clerk as to certain items of costs. In particular, the plaintiffs seek review of the clerk's taxation as to items 2(a), 3, 5(e), 5(h), 5(i), 5(j), 5(*l*), 5(m), and 5(n), and the defendants seek review as to items 5(a), 5(h), 5(i), 5(j), 5(*l*), 5(m), and 5(n).

█ 2(a). This item in defendants' bill of costs is for the charge of Harold R. Wormer, official court reporter, in the amount of $309 for stenographic services in reporting and furnishing transcript of the depositions of Leslie Grady, Steve Pustay, G. H. Whitten, J. O. Rowe, L. D. Barnum, and Walter Verhalen taken at Hope, Arkansas, January 26, and 27, 1949. The clerk in his taxation allowed $190 of this item and disallowed $119. The taking of these depositions required two days and the transcript consisted of about 150 pages. The reporter prepared an original and two copies of the transcript. The clerk allowed and taxed $20 a day, or $40, for the reporter's stenographic fees in the taking of the depositions, $75 for the original transcript, and $37.50 for the copy furnished the plaintiffs and $37.50 for the copy furnished the defendants, or a total of $190. It appears that Grady and Pustay were investigators sent by defendants to Hope, Arkansas, to determine whether the baskets being manufactured by the plaintiff Hope Company at the time were of the same type it had been manufacturing under its licenses prior to April, 1947. The plaintiffs contend that, as the facts sought to be established by the depositions of these investigators were not contested during the trial, their testimony was not necessary. From a review of the evidence adduced in the trial of this case, it appears that although the facts sought to be established by investigators Grady and Pustay were not contested during the trial, nevertheless, it appeared reasonably necessary at the time the depositions were taken that the defendants establish certain facts relative to the type or kind of baskets the plaintiff company was manufacturing. The plaintiffs object to the charge for the two copies of the transcript of the depositions, which were furnished to the plaintiffs and defendants. In Kenyon v. Automatic In-

strument Co., D.C., 10 F.R.D. 248, at page 254, this court said:

"Plaintiff objects to the taxation of the cost of the reporter's transcript in the amount of $112.25. 28 U.S.C.A. § 1920, permits the taxation as costs of the 'fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.' The general practice in this and other Federal courts is that the losing party bear the expense of the original transcript which is furnished for the use of the court. See Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490; Gotz v. Universal Products Co., Inc., D.C., 3 F.R.D. 153, 156. The expense of any additional copies of the transcript obtained by the parties for their own personal use must, of course, be borne by them. Stallo v. Wagner, 2 Cir., 245 F. 636; Atwood v. Jaques, C.C., 63 F. 561."

See also Curacao Trading Co., Inc., v. Federal Ins. Co., D.C., 3 F.R.D. 261; Schmitt v. Continental-Diamond Fibre Co., D.C., 1 F.R.D. 109. The court concludes that the charge of $40 for the reporter's stenographic fees and $75 for the original transcript are properly allowable and should be taxed as costs. The charge of $75 for two copies of the transcript and the balance of item 2(a) of defendants' bill of costs should be disallowed; that is, of item 2(a) of the defendants' bill of costs, $115 should be allowed and taxed and $194 disallowed.

3. The plaintiffs object to this item of $15 in defendants' bill of costs for fees of attorneys attending the taking of the six depositions mentioned in 2(a) at the rate of $2.50 each. This item was approved and taxed by the clerk in the full amount of $15 in pursuance of 28 U.S.C. § 1923, which provides: "(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: * * * $2.50 for each deposition admitted in evidence." As it appeared reasonably necessary for the defendants to take the six depositions at Hope, Arkansas, the court concludes that item 3 in the amount of $15 was properly taxed as costs by the clerk.

5(a) and 5(b). Item 5(a) for $73 in defendants' bill of costs is for a draftsman's charge for making three drawings from which large court charts were made (defendants' exhibits 22A, 22B, and 22C) and for coloring charts (defendants' exhibits 20, 21A through 21E, and 22A through 22C). This item was disallowed by the clerk in his taxation of costs. Item 5(b) for $84.49 is for the cost of making the court charts (defendants' exhibits 20, 21A through 21E, and 22A through 22C). This item was allowed by the clerk in his taxation of costs. It appears that the draftsman first made the drawings referred to in item 5(a) and that the drawings were then enlarged as court charts referred to in item 5(b). These court charts were then colored. Item 5(a) is apparently the draftsman's charge for both making the original drawings and for coloring them after they were enlarged as charts. There would seem to be no duplication of charges, and the court is convinced that the charts were helpful in its consideration of the case and that the expense therefor was reasonable and proper. See Kenyon v. Automatic Instrument Co., D.C., 10 F.R.D. 248, 253. Therefore, item 5(a) in the amount of $73 and item 5(b) in the amount of $84.49 should both be allowed and taxed as costs.

5(e). This item of $18.54 in defendants' bill of costs is for photographs of baskets, plaintiffs' exhibits 4 and 5, which baskets were deposited with the court when the complaint was filed and later, on the appeal, went forward to the appellate court. As the baskets were before the court, and as the photographs were not presented in evidence, it can hardly be said that they were reasonably necessary. The court concludes that item 5(e) in the amount of $18.54 is not properly taxable as costs and should be disallowed.

5(h) and 5(i). Item 5(h) in the defendants' bill of costs in the amount of $821.46 is stated to be the charge of Investigators, Inc., for the investigation of baskets being manufactured by the plaintiff Hope Basket Company at Hope, Arkansas. Item 5(i) in the amount of $336.98 is stated to be the charge of Investigators, Inc., for investigation in connection with certain

depositions taken by the defendants at Hope, Arkansas, in January, 1949. The clerk in his taxation of costs neither allowed nor disallowed these two items. These items were clearly for expenses incurred by the defendants in their preliminary field investigations and in their preparation for the trial of this case. As said in Standard Brands, Inc., v. National Grain Yeast Corporation, D.C., 36 F.Supp. 60, at page 62: "It should be classified as one of those expenses incident to preparation for trial, which can never be construed as taxable on any present theory." See also Tuck v. Olds, C.C., 29 F. 883. The authorities cited by defendants do not sustain their contention that these two items are properly taxable as costs in this case. The court concludes that item 5(h) in the amount of $821.46 and 5(i) in the amount of $336.98 are not properly taxable as costs and should be disallowed.

 5(j), 5(*l*), 5(m), 5(n). In defendant's bill of costs item 5(j) in the amount of $60.39 is stated to be the bill of defendants' counsel in Texarkana, Texas, in connection with the taking of depositions at Hope, Arkansas, in January, 1949. Item 5(*l*) in the amount of $187.29 is stated to be for the railroad fare of defendants' attorneys to Texarkana in connection with the above depositions. Item 5(m) in the amount of $216 is stated to be the charge of defendants' attorneys for hotel expenses and so forth at Texarkana during the taking of the depositions. Item 5(n) in the amount of $24.70 is stated to be the expenses of defendants' attorney in traveling to Grand Rapids, Michigan, in June, 1948, to attend a hearing in connection with the defendants' motion for more definite answers to interrogatories propounded to plaintiffs.

It should be noted that the defendants were allowed the statutory attorney's fee set forth in item (1) and the deposition fees set forth in item (3) of the bill of costs. The four preceding items for expenses of attorneys in connection with the taking of depositions in Hope, Arkansas, and in attending a hearing upon a motion in this court at Grand Rapids, Michigan, are not properly taxable as costs. There was no finding of unfairness or bad faith on the part of the plaintiffs or any finding of other equitable considerations which would justify an award of these attorney's fees and expenses as taxable costs. See 8 Cyclopedia of Federal Procedure, 2d Ed., § 3647; Wooster v. Handy, C.C., 23 F. 49; Michigan Aluminum Foundry Co. v. Aluminum Co. of America, C.C., 190 F. 903; Standard Brands, Inc., v. National Grain Yeast Corporation, D.C., 36 F.Supp. 60. Title 35 U.S.C.A. § 70 provides in part: "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." In Park-in-Theatres, Inc., v. Perkins, 9 Cir., 190 F.2d 137, 142, the court said:

"The principles which guide and control such an allowance are clear. The power is statutory; it was granted by Congress * * * and it is phrased in terms of judicial discretion. * * * But in granting this power, Congress made plain its intention that such fees be allowed only in extraordinary circumstances. The Reports of House and Senate Committees recommending this enactment provided in identical terms that 'It is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits, * * *. The provision is also made general so as to enable the court to prevent a gross injustice to an alleged infringer.' 1946 U.S. Code Congressional Service 1386, 1387. Thus, the payment of attorney's fees for the victor is not to be regarded as a penalty for failure to win a patent infringement suit.

The exercise of discretion in favor of such an allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees which prevailing litigants normally bear. The cases support this view. Phillips Petroleum Co. v. Esso Standard Oil Co., D.C.D.Md. 1950, 91 F.Supp. 215, affirmed 4 Cir.,

1950, 185 F.2d 672; Associated Plastics Co. v. Gits Molding Corp., 7 Cir., 1950, 182 F.2d 1000; Union Nat. Bk. of Youngstown, Ohio v. Superior Steel Corp., D.C.W.D.Pa.1949, 9 F.R.D. 117; Hall v. Keller, D.C.W.D.La.1949, 81 F. Supp. 835, modified (on other grounds) 5 Cir., 1950, 180 F.2d 753, certiorari denied 1950, 340 U.S. 818, 71 S.Ct. 48 [95 L.Ed. 601]; Lincoln Electric Co. v. Linde Air Products Co., D.C.N.D. Ohio 1947, 74 F.Supp. 293, affirmed 6 Cir., 1948, 171 F.2d 223."

After careful consideration of all the facts and circumstances involved in this case and consideration of the above-cited authorities the court concludes that items 5(j), 5(l), 5(m), and 5(n) are not properly taxable as costs in this case and should be disallowed.

The clerk of the court is hereby ordered to retax the defendants' costs in accordance with this opinion.