**JOHNSON AND JOHNSON, a corporation, James J. Purcell, Frank C. Beacham, and Lititz Knitting Company, a corporation, Plaintiffs**

v.

**CAROLINA LEE KNITTING CO., Inc., a corporation, Defendant.**

Civ. 982–G.

United States District Court
M. D. North Carolina.
May 20, 1959.

Long, Ridge, Harris & Walker, Graham, N. C., for plaintiffs, Olson, Mecklenburger, von Holst, Pendleton & Neuman, Thorley von Holst, Sidney Neuman and Robert L. Austin, Chicago, Ill., of counsel.

Sapp & Sapp, Greensboro, N. C., Paul & Paul, Philadelphia, Pa., for defendant.

HAYES, District Judge.

This case was before this court which held the Purcell Patent valid but not infringed, D.C., 155 F.Supp. 414. On appeal the Circuit Court considered some evidence on infringement which was not before the trial court and remanded the case, stating that "in a close case, such as this, should the District Judge be afforded an opportunity to weigh the additional evidence and to reappraise his findings in the light of it". 4 Cir., 258 F.2d 593, 599. At the re-hearing, the advertisements and explanatory evidence incident thereto were produced. The court refused to reopen the case on the issue of validity.

Relying primarily on the expert opinions of the defendant's main expert witness, this court found that the accused stocking differed from the patented stocking because the accused stocking was produced under high tension and by an in-elastic Nylon thread, both contrary to the teaching of the Purcell Patent.

At the rehearing, plaintiff introduced the advertisements of defendant Scholl (Retailer of virtually all of the surgical stockings produced by Carolina Lee Knitting Co.) in which it is claimed that "its stocking (the accused) is the only knit that does not depend on all rubber yarn for elasticity; the Helenca gives it elasticity. This result was produced by the use of alternating Helenca Nylon yarn. These alternating Nylon threads prevent excessive stretching, assure firm, uniform support to all parts of the leg and foot." No claim is asserted in behalf of the extra thread of Nylon. Scholl's advertising agent prepared the advertisements but the material for the statements derived its origin from the responsible agents of Carolina Lee Knitting Company and this evidence is admissible against both defendants and constitutes admissions by each of them, as stated by the Court of Appeals.

These Claims in the advertisements are not inconsistent with the assertions by defendant's brilliant and experienced Chief patent counsel as shown by defendant's Exhibit 5 in which it is stated that "the Helenca, rubber yarn and the plain Nylon yarns in defendant's stocking are subjected to tension during the knitting process. In subsequent relaxing of the fabric the loops of the Helenca or stretch yarn contract while loops of the non-elastic yarn remain as originally formed. When defendant's stocking is drawn over the leg the loops will yield to being stretched within limits imposed by the

loops of non-elastic yarn". At the re-hearing, defendant's expert witness said these statements were not correct.

The expert admitted his knowledge was theoretical as he was without actual experience in this particular hosiery activity. The court has great respect for this expert's ability and learning but the inconsistencies in his testimony at the first hearing and at the re-hearing and the contradictions of his opinions by the other credible evidence impel this court to reject, in part, at this time, so much of his opinions as led the court to find that the process of the Purcell Patent was not infringed by the accused stocking. This Court's finding before stemmed from its conviction that the accused stocking was produced under heavy tension, contrary to the teaching of the Purcell Patent and that the addition of the in-elastic thread was contrary to Purcell.

In the light of all of the evidence, this court is now convinced that the process employed in the accused stocking is essentially the same as that taught by Purcell, and that the slight differences in tension arise solely from the necessity imposed by the insertion of the additional in-elastic Nylon thread. Tension is present in the knitting of hosiery. The thread is lifted and unwound from a spool; it then travels upward over the knitting frame and down to the carrier frame where it is received into the eyes of the needle. The thread is guided to the needle by eyelets and bars, all of which exert some tension on the strand. In the Art, the term "No Tension" in the Purcell Patent is understood by the knitter to mean no undue tension. Undue tension normally is produced by a spring or adjustable disc which increases tension by adding pressure according to the knitter's desire. Undue tension is not employed in either Purcell or the accused stocking. It is true that each eyelet, bar or other guiding device encountered by the thread exerts tension to some extent, and that the thread in knitting the accused stocking passes through a snarl eliminator and a ring not taught in the Purcell Patent. But the use of these additional devises are made mandatory because of the insertion of the non-elastic Nylon thread. In defendant's process, the problem is to unite this thread with the Helenca strand so that the two combined will enter the eye of the needle as a single strand. The Helenca is a stretch Nylon; plain Nylon is not, i.e., it will not stretch comparable to Helenca, because Helenca is produced by stretching Nylon and crinkling it and treating it under heat. The process produces a crinkled strand which, after being stretched, will, unless prevented by imposed restrictions, return to its crinkled condition.

Before Purcell, the surgical stocking under Hinchliss Patent 2,169,203 was knitted of rubber and non-elastic yarn; it failed because the in-elastic yarn did not permit the rubber to stretch properly; the Neumager Patent 2,641,914, tried to make the stocking entirely of synthetic crinkled yarn, such as Helenca, but it also failed. Purcell was fortunate in that he combined Nylon covered rubber and alternated Helenca without tension which did win widespread approval, because the course of Helenca without tension permitted the yarn and Helenca to contract when relaxed and to stretch when put on the leg.

These features are present in the accused stocking. This court rejects the opinion of the expert that the Helenca in the accused stocking is fully stretched like in-elastic Nylon. If Helenca is knitted into the stocking so that it functions exactly like the in-elastic Nylon, why does the defendant not use two strands of plain Nylon and omit the use of Helenca? Either Helenca, when unstretched, relaxes and inherently contracts as it is intended to do, or defendant would not use it. The court is thoroughly convinced that a stocking made, in part, of Helenca has more stretch than has plain Nylon.

The addition by the defendant of the plain Nylon thread neither adds to nor takes from, the accused stocking the stretchability taught in the Purcell Pat-

ent. The accused stocking embodies all of the essential steps of the Purcell Patent. The addition of the extra thread does not alter the Purcell Process; the slight tension necessitated by controlling the Nylon while combining it with Helenca is not an essential departure from the teaching of Purcell; it is a mere camouflage of Purcell Patent and constitutes infringement.

The applicable law is fully stated in this case by the Circuit Court and no citation of cases is deemed desirable.