CAROLINA LEE KNITTING COMPANY, Inc., Appellant and Cross-Appellee,

v.

JOHNSON & JOHNSON, a corporation, James J. Purcell, Frank C. Beacham, and Lititz Knitting Company, a corporation, Appellees and Cross-Appellants.

No. 7963.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1960.

Decided Feb. 24, 1960.

Henry N. Paul, Jr., and Robert B. Frailey, Philadelphia, Pa. (Armistead W. Sapp, Greensboro, N. C., Paul & Paul, Philadelphia, Pa., and Sapp & Sapp, Greensboro, N. C., on the brief) for appellant and cross-appellee.

Thorley von Holst, Chicago, Ill., (George A. Long, Paul H. Ridge, Graham, N. C., Sidney Neuman, and Robert L. Austin, Chicago, Ill., on the brief) for appellees and cross-appellants.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

This is the second appeal in the case, involving validity and infringement of a patent for surgical stockings. At the first trial in the District Court, the Judge upheld the validity of Patent No. 2,702,-998 held by plaintiff Purcell, for an elastic stocking, knitted of alternate courses of "Helanca" yarn and rubber, with the "Helanca" being fed to the knitting needles under no undue tension. However, the judgment was for the defendant on the ground of no infringement. The court accepted the testimony of the defendant's expert that its stocking was knit under "heavy tension" and thus omitted an essential process step of the plaintiffs' patent. While the plaintiffs appealed from the finding of no infringement, the defendant failed to cross-appeal from the finding of validity. Our opinion is reported in 258 F.2d 593, where the detailed facts are set out concerning the scope of the plaintiffs' patent and the manufacturing processes involved in the production of the two stockings in controversy. These details need not be repeated.

It was brought to our attention during the appeal that Scholl Manufacturing Co., Inc., the defendant's primary distributor, had, after the District Court's decision, circulated certain advertisements which apparently contradicted the position taken by the defendant in the District Court. The advertisement made the admittedly false boast that the defendant's stocking is the *only* kind that does not depend on all rubber yarn for elasticity. The advertisement indicated that the elasticity derives partly from some other material, which in this case could be only the "Helanca" yarn. This seemed to be in accord with the teaching of the patent and contrary to the defendant's insistence at the trial. Our uncertainty as to infringement being thus heightened, we remanded the case for additional testimony.

At the rehearing, the District Judge received evidence pertaining to the Scholl advertisement, and additional expert testimony, and he concluded that [173 F. Supp. 74]:

"In the light of all of the evidence, this court is now convinced that the process employed in the accused stocking is essentially the same as that taught by Purcell, and that the slight differences in tension arise solely from the necessity imposed by the insertion of the additional inelastic Nylon thread * * *."

The court made revised findings, held that the defendant's stocking infringed the patent, and this time gave judgment for the plaintiffs. The defendant now appeals from the finding of infringe-

ment and also, in its brief, apparently contends that the patent is invalid, although this latter point was not developed in the argument. The plaintiffs cross-appeal from the denial of an award for attorneys' fees.

First, as to validity, there is some question whether this issue is now entitled to be considered. At the first trial, when the District Judge upheld the validity of the patent, the defendant failed to appeal from this determination. Our remand was for reconsideration of the infringement issue only. More importantly, when the case came to us the defendant asserted invalidity of the plaintiffs' patent only if it should be broadly construed so as not to require the process of knitting the stocking with undue tension, allowing the alternating "Helanca" courses to stretch harmoniously with the rubber. Since this court expressly approved the District Judge's narrow construction of the patent, treating this process step as essential, it would seem that the question of validity was there settled. We said:

> "Considering the ambiguity of the phrases and the conflicting interpretations adopted from time to time by the plaintiffs themselves, and considering also the defendant's testimony, *we are unable to say that the District Judge was clearly erroneous in his construction of the Purcell patent.* We therefore need not concern ourselves with the defendant's further argument that if the broader interpretation demanded by the plaintiffs were adopted, the patent would be invalid for lack of novelty over the prior art as disclosed by Neumager. Nor need we pass upon the related contention of the defendant that if the method of knitting is not a part of the patent, then the patentee has merely substituted another material ("Helanca" yarn) for that prescribed by Hinchcliff (inelastic yarn) and this would not be sufficient foundation for the patent * * *" 258 F.2d at page 596. (Emphasis supplied.)

Moreover, the defendant's present position is not altogether clear. While its brief seems to assert without qualification that the patent is invalid, its reply brief states: "Defendant has no interest in attacking the Purcell patent, unless it is necessary to its defense of this case to do so. We have contended all along that if the patent is properly construed, it could not possibly be infringed by defendant's accused stockings." And later: "Clearly, if the Purcell patent is construed broadly to cover a stocking wherein the 'Helanca' yarn is fully stretched when knit, such result would have the effect of eliding the 'relaxed condition' language of the patent claims. Under such construction, the patent obviously comprises nothing more than a mere substitution of materials." From this, the defendant's position still appears to be that the patent is invalid only if interpreted broadly. Since both courts have rejected the broad construction, and held that knitting without undue tension is an essential part of the patent, it would seem that the defendant is itself uncertain of its position as to validity.

However, even if the validity of the patent, as construed in the District Court and in our previous opinion, is properly in issue here, we find no reason to disturb the District Judge's finding that the patent constituted invention over the prior art. The circumstances, which are discussed at sufficient length in our first opinion, warranted the District Judge's conclusion that the combination, overcoming deficiencies present in prior surgical stockings, was patentable.

Likewise, upon the amplified record, we perceive no error in the finding of infringement. The testimony presented much conflict over whether, in the defendant's knitting process, the "Helanca" was knit under a much greater tension than employed by the plaintiffs. There was expert testimony and other evidence supporting both the defendant's contention that the "Helanca" in the accused stocking is fully stretched like inelastic nylon, and the plaintiffs' contention to

the contrary. The trial court's conclusion that the defendant's stocking is knit with a degree of tension only slightly greater than the plaintiffs' stocking finds sufficient support (a) in the testimony of plaintiffs' expert witnesses, (b) in the experiments revealing that about four times as much tension could be placed on the "Helanca" than that used in the defendant's knitting process, and (c) in the admissions contained in the advertisements. The court not unreasonably was influenced by inconsistencies in the testimony of defendant's experts and their comparatively limited experience in the particular kind of hosiery knitting involved. Thus the trial court found the testimony of defendant's experts less credible than that of the plaintiffs'. This record is an appropriate one for the application of what the Supreme Court has said with regard to Rule 52 (a), Fed.Rules Civ.Proc. 28 U.S.C.A. in patent cases: "To no type of case is this last clause more appropriately applicable than to the one before us, where the evidence is largely the testimony of experts as to which a trial court may be enlightened by scientific demonstrations." Graver Tank & Mfg. Co. v. Linde Air Products Co., 1949, 336 U.S. 271, 274, 69 S.Ct. 535, 537, 93 L.Ed. 672.

■ Finally, we sustain the court's refusal to award attorneys' fees to the plaintiffs. The patent statute, 35 U.S.C.A. § 285, provides: "The court *in exceptional cases* may award reasonable attorney fees to the prevailing party." (Emphasis supplied.) The plaintiffs have completely failed to show why this is an "exceptional" case meriting an award of counsel fees. There has been no showing of unconscionable conduct or bad faith or any other circumstances which might make such an award proper. In American Chain & Cable Co. v. Rochester Ropes, 4 Cir., 1952, 199 F.2d 325, 330, we pointed out:

"While the allowance of reasonable counsel fees to the defendant in a patent case is within the discretion of the District Court under 35 U.S.C.A. § 70, we have held that the discretion should not be exercised except in situations involving vexatious and unjustified litigation * * *."

See also: Phillips Petroleum Co. v. Esso Standard Oil Co., D.C.D.Md.1950, 91 F. Supp. 215, affirmed 4 Cir., 1950, 185 F.2d 672.

For the above reasons, the decision of the District Court is

Affirmed.