In re the CLAUSEN COMPANY, Debtor.

DYNATRON/BONDO CORP., Plaintiff,

v.

The CLAUSEN COMPANY, Defendant.

Bankruptcy No. 85–02707.
Adv. No. 87–0915TS.

United States Bankruptcy Court,
D. New Jersey.

Jan. 22, 1988.

George M. Thomas, Thomas & Kennedy, Atlanta, Ga., and Amy M. Riel, Carella, Byrne, Bain & Gilfillan, Roseland, N.J., for plaintiff.

David S. Woronoff, Windsor, Colo. and Kenneth S. Goodkind, Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, Woodbridge, N.J., for defendant.

### MEMORANDUM OPINION AND ORDER

STEPHEN A. STRIPP, Bankruptcy Judge.

This action was commenced in the United States District Court for the District of New Jersey under Civil Action No. 87–362(JWB) by plaintiff Dynatron/Bondo Corp. ("Dynatron/Bondo"), a Georgia corporation, against defendant The Clausen Company ("Clausen"), a New Jersey corporation. Count I of the complaint alleges a cause of action for patent infringement. Count II of the complaint alleges a cause of action for breach of a Settlement Agreement relating to one of Dynatron/Bondo's patents. Clausen filed an answer denying liability, and counterclaims alleging that Dynatron/Bondo's patents are invalid and that Dynatron/Bondo has engaged in unfair competition. By order of July 21, 1987 the District Court transferred Count II to this Court, retained Count I, and ruled that trial on Count I in the District Court would follow adjudication of Count II in this Court.

Clausen is the subject of a bankruptcy case presently pending before this Court. This adversary proceeding to determine Dynatron/Bondo's claims against

Clausen is a core proceeding. 28 U.S.C. Section 157(b)(2)(B); *In re Meyertech Corp.,* 831 F.2d 410 (3rd Cir.1987).

Among the affirmative defenses alleged by Clausen in its answer is that the subject patents and the related Settlement Agreement are unenforceable because the patents have been misused by Dynatron/Bondo. Clausen has moved in this Court for summary judgment dismissing Count II of Dynatron/Bondo's complaint on the basis of the alleged patent misuse. This memorandum shall constitute the Court's ruling on that motion.

## I. FACTS

The following material facts are undisputed. Clausen is in the business of manufacturing and distributing automobile repair and refinishing products. Dynatron/Bondo is a manufacturer and distributor of similar products. In 1976, Dynatron/Bondo accused Clausen of infringement of United States Patent No. 3,957,176, which is owned by Dynatron/Bondo and which covers a putty dispenser. On January 15, 1977, Dynatron/Bondo and Clausen entered into a Settlement Agreement containing the following language:

2. CLAUSEN and DYNATRON/BONDO agree:

a. After the effective date of this Agreement, CLAUSEN shall not make or have made, use, sell or receive or fill with putty any five gallon air operated dispenser containers which, when filled with putty, *are similar to the current CLAUSEN five gallon air operated dispenser or which infringe the DYNATRON/BONDO Patent No. 3,957,176.* [emphasis added]

In paragraph 2c. of the Settlement Agreement, Clausen agreed to pay Dynatron/Bondo a royalty of $5.00 for each dispenser

which is similar to the current CLAUSEN five gallon air operated dispenser *or* which infringes the DYNATRON/BONDO Patent No. 3,957,176 which is made, used or sold by or on behalf of CLAUSEN. [emphasis added]

In 1978, Patent No. 3,957,176 was superseded by Dynatron/Bondo's reissue Patent No. 31,934. Although Clausen alleges that Patent No. 31,934 covers fewer claims than Patent No. 3,957,176, no evidence was introduced on this motion indicating that there is any material difference between the original patent and the reissue patent as they may relate to any products manufactured or sold by Clausen. The Court therefore assumes for purposes of this decision that any cause of action which Dynatron/Bondo would have against Clausen for infringement of the original patent or for violation of the Settlement Agreement was not affected by issuance of the reissue patent.

In 1985, Clausen filed a petition for relief under Chapter 11 of Title 11, United States Code (the Bankruptcy Code). Dynatron/Bondo then filed a proof of claim in the Bankruptcy Court in June 1985 for patent infringement and violation of the Settlement Agreement. Clausen's plan of reorganization was confirmed by the Bankruptcy Court in November 1986 pursuant to an order providing that the Bankruptcy Court would retain jurisdiction to determine claims against Clausen.

On December 8, 1986, Dynatron/Bondo's attorney sent Clausen a letter stating in pertinent part the following:

It has come to my client's attention that the Clausen Company has resumed the production and sale of five gallon air operated dispensers of the type covered by the Dynatron/Bondo Corporation patent.* * *

Dynatron/Bondo further demands:

(1) That all production, use and sale by or on behalf of the Clausen Company of five gallon air operated dispensers *similar to* that disclosed in the enclosed patent be terminated immediately.... [emphasis added]

On January 30, 1987, Dynatron/Bondo filed this action in the District Court. The allegations of Count II paraphrase the above-quoted language of the Settlement Agreement. On March 24, 1987, Clausen filed a separate adversary proceeding in

the Bankruptcy Court for a determination that Dynatron/Bondo's claims are invalid.

## II. THE LAW REGARDING PATENT MISUSE

Clausen alleges in this motion that the terms of the Settlement Agreement prohibiting Clausen from manufacturing or selling products "similar to" those covered by Dynatron/Bondo's patents, and Dynatron/Bondo's efforts to enforce those terms by instituting this action, constitute patent misuse rendering both the patent and the Settlement Agreement unenforceable.

In the case of *Morton Salt Co. v. G.S. Suppiger Co.*, 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363 (1941), *reh. denied*, 315 U.S. 826, 62 S.Ct. 620, 86 L.Ed. 1222 (1942), the Supreme Court held that where a patent is used to restrain the sale of competing products not covered by the patent, courts should decline to entertain any suit for infringement of such patent until such patent misuse ceases and its effects have been dissipated:

> A patent operates to create and grant to the patentee an exclusive right to make, use and vend the particular device described and claimed in the patent. But a patent affords no immunity for a monopoly not within the grant [citations omitted], and the use of it to suppress competition in the sale of an unpatented article may deprive the patentee of the aid of a court of equity to restrain an alleged infringement by one who is a competitor. Id. at 491 [62 S.Ct. at 404].

■ In the case of *Lear v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), the Supreme Court overruled a line of cases recognizing the doctrine of "licensee estoppel," and held that a licensee is not estopped from contesting the validity of a patent. A licensee can also raise the defense of patent misuse in response to a claim of patent infringement. *Stewart v. Motrim, Inc.*, 192 U.S.P.Q. 410 (S.D.Ohio 1975). In the case of *Massillon–Cleveland–Akron Sign Co. v. Golden State Advertising Co.*, 444 F.2d 425 (9th Cir.), *cert. denied*, 404 U.S. 873, 92 S.Ct. 100, 30 L.Ed.

2d 117 *reh. denied*, 404 U.S. 961, 92 S.Ct. 308, 30 L.Ed.2d 280 (1971), the holding in *Lear, supra*, was extended to provide that a party to a settlement agreement may also contest the validity of a patent:

> If the recognized policy favoring settlement of disputes might be hindered by our holding on this question, that policy, in our opinion, must give way to the policy favoring free competition in ideas not meriting patent protection. Id. at 427.

It follows that a party to a settlement agreement regarding a claim of patent infringement is not estopped from raising the defense of patent misuse against a subsequent claim of infringement.

■ The presence in a licensing agreement of a clause prohibiting competition with the patented article constitutes patent misuse. In the leading case of *National Lockwasher Co. v. George K. Garrett Co.*, 137 F.2d 255 (3rd Cir.1943), the following provision was held to constitute such misuse:

> Licensee agrees that, while this agreement is in force, it will make and sell no form of nonentangling Spring Washers except such as are covered by said patent, and that it will not, either directly or indirectly make or sell Spring Washers of the kind specifically excluded from this license under the provisions of Paragraph First (a) hereof.

Similarly, in the case of *Stewart v. Motrim, Inc., supra*, the following provision in a license agreement was held to constitute patent misuse:

> The Licensee agrees to manufacture and sell the products set forth in this agreement at a price that is competitive and agrees further, that it or its assigns will not engage in any competitive business during the term of this agreement. Id. at 411.

In order to prevail on a defense of patent misuse, the defendant does not have to prove that he has sustained damages because of the misuse:

> *It is sufficient to show the existence of restrictive agreements which tend to suppress competition from articles not*

*covered by the patent.* Id. at 412. [emphasis added]

## III. ANALYSIS OF THE SETTLEMENT AGREEMENT

Clausen argues that the prohibition in the Settlement Agreement against manufacture or sale of putty dispensers which "are similar to the current CLAUSEN five gallon air operated dispenser or which infringe the DYNATRON/BONDO Patent," coupled with Dynatron/Bondo's efforts to enforce that provision, constitutes patent misuse under the law previously cited. Dynatron/Bondo does not dispute Clausen's citations of the law of patent misuse, or cite other applicable law. Rather, Dynatron/Bondo argues essentially that while the Settlement Agreement bars Clausen from producing dispensers which "are similar to the current . . . dispenser *or* which infringe" the patent, Dynatron/Bondo's intention was only to prohibit dispensers which are similar to the current Clausen dispenser *and* which infringe the Dynatron/Bondo patent.

The only evidence offered by Dynatron/Bondo in support of its proposed construction of the Settlement Agreement is the affidavit of its president to the effect that it was his understanding that only patent infringement was barred by that Agreement. No evidence is offered to suggest that such construction was conveyed to or shared by Clausen. To the contrary, by instituting this suit on the Settlement Agreement, Dynatron/Bondo expressed a clear intention to enforce the Agreement according to its precise terms.

It is fundamental that the judicial function in construing a contract is to give effect to the mutual intention of the parties. "Where the language of a contract is clear and unambiguous on its face, a court will assume that the meaning ordinarily ascribed to those words reflects the intentions of the parties." *NRM Corp. v. Hercules, Inc.,* 758 F.2d 676, 681 (D.C.Cir. 1985). The relevant search "is not for the subjective intention of the parties, 'but what [their] words would mean in the mouth of a normal speaker of English, using them in the circumstances in which they were used.'" *Fox v. United States Department of Housing and Urban Development,* 680 F.2d 315, 320 (3rd Cir.1982) (quoting Holmes, The Theory of Legal Interpretation, 12 Harv.L.Rev. 417, 419 (1899)).

█ Applying those principles to the language of the Settlement Agreement, it is clear that by using the disjunctive "or" between the prohibitions against manufacture of infringing products and against manufacture of similar products, it was intended that the Agreement would bar Clausen from producing *both* infringing products *and* similar products. Although the language of the Settlement Agreement on this point is perhaps slightly more subtle than the language quoted above from the agreements at issue in the *National Lockwasher* and *Stewart* cases, the meaning is equally unmistakable. Giving the words of the provisions in question their common meaning, one must conclude that the Settlement Agreement was intended to bar both patented and unpatented but similar products.

It follows that the provisions in question "tend to suppress competition from articles not covered by the patent," *Stewart v. Motrim, Inc., supra,* at 412, thereby constituting patent misuse.

## IV. SUMMARY JUDGMENT

█ Summary judgment is appropriate in cases such as this. *Stewart v. Motrim, Inc., supra; Park–In Theatres v. Paramount–Richards Theatres, Inc.,* 90 F.Supp. 730 (D.Del.), *aff'd.,* 185 F.2d 407 (3d Cir.1950), *cert. denied,* 341 U.S. 950, 71 S.Ct. 1017, 95 L.Ed. 1373 (1951); *Dubuit v. Harwell Enterprises, Inc.,* 336 F.Supp. 1184 (W.D.N.C.1971); *Krampe v. Ideal Industries, Inc.,* 347 F.Supp. 1384 (N.D.Ill. 1972). Even if infringement exists, suit for infringement is barred if the plaintiff is guilty of patent misuse. *See, e.g., Hensley Equipment Company v. Esco Corp.,* 383 F.2d 252, *amended,* 386 F.2d 442 (5th Cir. 1967); and cases cited, *infra.* It follows that Clausen is entitled to summary judg-

ment dismissing Count II of Dynatron/Bondo's complaint.

It would also appear on the basis of the foregoing that Clausen is entitled to summary judgment dismissing Count I of Dynatron/Bondo's complaint. However, since the District Court has retained jurisdiction over Count I of the complaint, the disposition of that Count is for the District Court to determine.

## V. ATTORNEYS FEES

 Clausen argues that it is entitled to attorneys fees under 35 U.S.C. Section 285, which authorizes the court to award attorneys fees to the prevailing party "in exceptional cases" on patent infringement. Generally, there must be a showing of unconscionable conduct or bad faith to make such an award proper. *Carolina Lee Knitting Co. v. Johnson & Johnson,* 275 F.2d 91 (4th Cir.1960); *Uniflow Mfg. Co. v. King–Seeley Thermos Co.,* 428 F.2d 335 (6th Cir.), *cert. denied,* 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970). There is nothing on the record before the Court suggesting unconscionable conduct or bad faith on the part of Dynatron/Bondo. Clausen's motion for attorneys fees is therefore denied.

## VI. CONCLUSION

To summarize, the Court finds that the provision of the Settlement Agreement prohibiting Clausen from producing dispensers similar to that which is covered by Dynatron/Bondo's patent, coupled with Dynatron/Bondo's efforts to enforce that provision, constitutes patent misuse. Clausen's motion for summary judgment dismissing Count II of the complaint, which alleged a cause of action for breach of the Settlement Agreement, is hereby granted. However, since there is no showing of unconscionable conduct or bad faith on the part of Dynatron/Bondo, Clausen's motion for attorneys fees is denied.

Counsel for Clausen shall promptly take appropriate action to dispose of the related adversary proceeding which it filed against Dynatron/Bondo in this Court for declaratory judgment that Dynatron/Bondo's claims are invalid.

IT IS SO ORDERED.