The CLAUSEN COMPANY, Appellee,

v.

DYNATRON/BONDO CORPORATION, Appellant.

No. 89–5138.

United States Court of Appeals, Third Circuit.

Argued Oct. 2, 1989.

Decided Nov. 3, 1989.

Rehearing and Rehearing In Banc Denied Dec. 22, 1989.

John G. Gilfillan III, Kenneth L. Winters (argued), Carella, Byrne, Bain & Gilfillan, Roseland, N.J. (Charles C. Murphy Jr., Vaughn, Davis, Birch & Murphy, George M. Thomas, Thomas & Kennedy, Atlanta, Ga., of counsel), for appellant, Dynatron/Bondo Corp.

David S. Woronoff (argued), Windsor Office, Windsor, Colo. (Kenneth S. Goodkind, Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, Woodbridge, N.J., of counsel), for appellee, The Clausen Co.

Before GIBBONS, Chief Judge, and SLOVITER and GREENBERG, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Chief Judge:

This matter is before us by virtue of a notice of appeal which conveys the impression, correctly as it turns out, that we are about to enter a procedural and jurisdictional maze. The notice of appeal filed on February 24, 1989 reads:

| | |
|---|---|
| THE CLAUSEN COMPANY,: | Civil Action |
| : | No. 88–2351 |
| Plaintiff,: | |
| : | Civil Action |
| v. : | |
| : | |
| DYNATRON/BONDO : | |
| CORPORATION, : | |
| : | |
| Defendant.: | |
| : | |

| | |
|---|---|
| In The Matter of: : | Case No. 85–02707 |
| THE CLAUSEN COMPANY,: | Chapter 11 |
| : | |
| Debtor : | |
| : | Adversary |
| : | Proceeding |
| THE CLAUSEN COMPANY,: | No. 87–0227TW |
| : | |

Plaintiff,:    Civil Action
                                    :
v.                                  :
DYNATRON/BONDO                      :
CORPORATION,                        :
                                    :
                    Defendant.:

## NOTICE OF APPEAL

Notice is hereby given that Dynatron/Bondo Corporation, party to the above-named action(s), hereby appeals to the United States Court of Appeals for the Third Circuit from the Order of the Honorable John W. Bissell, U.S.D.J., dated January 25, 1989 and entered on the docket on January 27, 1989 and on January 30, 1989, denying the appeal of Dynatron/Bondo Corporation from, and does further appeal, the order entered by the Honorable Stephen Stripp, U.S.B.J., granting summary judgment to The Clausen Company in the United States Bankruptcy Court proceedings bearing Adversary No. 87–0227 T.W.

---

From the caption we learn that at least two separate lawsuits are involved, and the notice refers to at least three separate orders. Further exploration of the briefs and appendix discloses further complexities. There are in fact three separate lawsuits, and there was an appeal in one of them to the Court of Appeals for the Federal Circuit. In at least one of the lawsuits further proceedings are still pending in the district court. One of the orders appealed from here dismisses one of the pending lawsuits on the ground that a decision in another is *res judicata* of the issue presented in it. And if that were not enough, the appellee, The Clausen Company, suggests that the appeal (or appeals) should be transferred to the Federal Circuit. Not without trepidation we have traversed this maze and reached these conclusions:

1. There is an appealable final judgment.
2. The appeal lies to this court.
3. The final judgment must be reversed.

I

A

In 1976 Dynatron/Bondo Corporation (Dynatron) commenced a suit in the United States District Court for the District of New Jersey. The complaint charged that The Clausen Company (Clausen) was infringing Dynatron's United States Patent No. 3,957,176, which describes a method of dispensing putty from a five-gallon pail by means of air pressure. That action, Civil No. 76–2117 was settled on January 15, 1977 when Dynatron and Clausen signed a Settlement Agreement. In that agreement, Dynatron agreed to dismiss its patent infringement suit, and Clausen agreed in relevant part:

2a.  After the effective date of this Agreement, CLAUSEN shall not make or have made, use, sell or receive or fill with putty any five gallon air operated dispenser containers which, when filled with putty, are similar to the current CLAUSEN five gallon air operated dispenser or which infringe the DYNATRON/BONDO Patent No. 3,957,176.

*      *      *      *      *      *

After January 15, 1977 ... CLAUSEN shall pay to DYNATRON/BONDO a royalty in the amount of $5.00 for each five gallon air operated dispenser which is similar to the current CLAUSEN five gallon air operated dispenser or which infringes the DYNATRON/BONDO Patent No. 3,957,176 which is made, used or sold by or on behalf of CLAUSEN. This subparagraph is not a license grant to CLAUSEN to permit continued manufacture, use or sale under the DYNA-

TRON/BONDO patent, but is considered to fix the penalty for violation of this Agreement and for infringement of the DYNATRON/BONDO patent.

In the Settlement Agreement, Clausen thus in effect acknowledges the validity of the patent, agrees not only not to infringe, but also to refrain from making containers "similar" to Clausen's, and agrees to pay a $5.00 penalty for each infringing device sold in the future. So far as appears, the 1976 suit was dismissed with no reservation of jurisdiction to grant additional relief. Indeed the Settlement Agreement contains a provision for attorneys' fees in the event Dynatron finds it necessary to bring a suit for its enforcement.

Apparently the patent involves the method of sealing the putty can by "lug lids", for after the settlement Clausen continued to make and sell putty pails sealed with ring clamps or ring seals. In 1982, however, according to Dynatron, Clausen began to use a kind of lug lid which Dynatron considers to be an infringement.

B

In May of 1985 Clausen filed in the District of New Jersey a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. *In the Matter of The Clausen Company, Debtor,* No. 85–02707. Clausen filed an amended plan of reorganization on October 3, 1986, which was confirmed on November 2, 1986. The bankruptcy court ordered that it would retain jurisdiction to determine claims against Clausen. A proof of claim had been filed in the Chapter 11 proceeding by Dynatron on June 28, 1985.

Dynatron's proof of claim referred to the 1977 infringement action, the execution of the Settlement Agreement, and Clausen's breach of that agreement by offering for sale five gallon pails falling within its terms. The proof of claim alleges that the number of pails can be determined from Clausen's records, and alleges, further:

In accordance with the Settlement Agreement executed by Clausen and Dynatron/Bondo, Clausen is obligated to pay to Dynatron/Bondo $5.00 for each five gallon air operated dispenser of the type illustrated and described in said [Clausen] catalog which was made, used or sold by or on behalf of Clausen.

The prayer for relief in the proof of claim is for disclosure of the number of such pails, and for the payment of the $5.00 per pail called for in the agreement. Thus it is clear that the proof of claim pleads a claim for enforcement of the Settlement Agreement, and no other claim. It was amended in October 3, 1985 to include a reference to Reissue Patent Re 31,934, granted in the meantime, but the amendment made no change in the relief requested: enforcement of the Settlement Agreement in accordance with its terms.

C

With Clausen out of reorganization, but Dynatron's proof of claim still pending in the bankruptcy court, Dynatron filed a two count complaint in the district court on February 11, 1987. *Dynatron/Bondo Corporation v. The Clausen Company,* Civil No. 87–362. Count I alleges that Clausen has infringed Patent No. 3,957,176, and continues to infringe Reissue Patent Re 31,934. Count II alleges that Clausen has breached the Settlement Agreement and seeks the same relief sought in Dynatron's proof of claim in the bankruptcy court, namely, $5.00 a pail for each air operated putty pail made, used or sold by Clausen.

On June 8, 1987 Clausen moved to transfer Civil No. 87–362 to the bankruptcy court. The district court declined to transfer the entire action. Instead the court retained Count I, alleging patent infringement, but transferred Count II to the bankruptcy court, where it was given Adversary No. 87–0915(TS) in Case No. 85–02027. Count I of Civil No. 87–362, the patent infringement claim, remains pending in the district court to this day. No order was made severing Count I and Count II.

In the bankruptcy court Clausen moved in January 1988 for summary judgment on Count II of Civil No. 87–362 (Adversary No. 87–0915(TS)), on the ground that the

Settlement Agreement as a matter of law constituted patent misuse, and was thus unenforceable. The bankruptcy judge granted this motion. 81 B.R. 285 Dynatron appealed the bankruptcy judge's summary judgment on Count II of Civil No. 87–362 to the district court. On November 30, 1988 that court affirmed. Dynatron appealed the order affirming the summary judgment on Count II of Civil No. 87–362 to the Court of Appeals for the Federal Circuit. It is not clear whether Dynatron contended the appeal lay there because Count I of Civil No. 87–362 alleged patent infringement, or because the summary judgment on Count II was granted because of a patent misuse defense, or because the enforcement of the Settlement Agreement sought in Count II might turn on an issue of patent infringement. The claimed basis for appellate jurisdiction in the Federal Circuit makes little practical difference, however, because on March 8, 1989 that court dismissed the appeal on the grounds that an appeal from a district court order dismissing only one count of the two counts in Civil No. 87–362 was not an appealable order. 878 F.2d 1443. See Fed.R.Civ.P. 54(b). No matter where the appeal had been taken, the conclusion that the order appealed from was not final for purposes of appeal would have been the same when there was no severance of the two counts.

### D

Meanwhile, on March 24, 1987 Clausen filed in the bankruptcy court an adversary proceeding seeking a declaration of non-liability on the proof of claim referred to in Part I–B above. This adversary proceeding is identified as Adversary No. 87–0227(TW), in Case No. 85–02707, the Chapter 11 proceeding. The complaint in this adversary proceeding seeks as relief a declaration that Clausen is not liable on Dynatron's proof of claim. It alleges that a plan of reorganization was confirmed. Additionally, it alleges:

7. Upon information and belief, no adversary proceeding was ever commenced by [Dynatron] with respect to either the Original Proof of Claim or the Amended

Proof of Claim. Plaintiff believes that it has no liability to defendant on account of either the Original Proof of Claim or the Amended Proof of Claim.

This cryptic recital could be read as alleging that Dynatron's failure to commence an adversary proceeding waived its Settlement Agreement claim, or that Clausen had a legal defense to the Settlement Agreement claim. From Dynatron's answer and counterclaim in Adversary No. 87–0227(TW) it appears that Dynatron read it as making both assertions. The answer alleges that the filing of its proof of claim commenced an adversary proceeding. The counterclaim alleges that Clausen is liable on the Settlement Agreement for $5.00 a putty pail. In any event, the pleadings in Adversary No. 87–0227(TW) make it clear that both in the proof of claim and in the counterclaim Dynatron seeks only to enforce the Settlement Agreement, while Clausen seeks only a declaration that it is not liable on that agreement.

The bankruptcy judge in Adversary No. 87–0227(TW) granted summary judgment for Clausen on April 7, 1988. The bankruptcy judge reasoned that his decision on Count II in Civil No. 87–362, holding that the Settlement Agreement was unenforceable because of patent misuse, was *res judicata* in Adversary No. 87–0227(TW) and thus barred the enforcement of the proof of claim or the counterclaim. On April 12, 1988 Dynatron appealed this ruling to the district court.

### E

In the district court an already complicated set of pleadings was complicated further when Clausen moved for summary judgment on Count I of Civil No. 87–362, the patent infringement count. Thus, in January of 1989 the district court had before it Clausen's motion for summary judgment on the patent infringement claim and Dynatron's appeal from the bankruptcy court's summary judgment in Clausen's favor in Adversary No. 87–0227(TW). The district court disposed of both matters in a single order, dated January 25, 1989, the ordering provisions of which read:

1. The bankruptcy court's order granting summary judgment to Clausen in Case No. 87–0227(TW) is hereby affirmed subject to the right of Dynatron/Bondo to assert in its claim for patent infringement before this court the issue of its purge of any misuse of the patent in suit;

2. Clausen's motion for summary judgment is hereby denied.

This is the order appealed from. Its caption bears the number 87–362, which appears to be correct since the second ordering paragraph denies Clausen's motion for summary judgment on Count I in that case. Its caption does not bear the number Adversary No. 87–0227(TW), but the first ordering paragraph plainly refers to that action, affirming the summary judgment granted on *res judicata* grounds. It also bears in the caption, handwritten "Civ. 88–2351", which is also the first docket number in the caption of Dynatron's notice of appeal. This docket number was assigned by the district court clerk to Dynatron's appeal from the summary judgment in No. 87–0227(TW). Thus it is clear after traversing the maze, that only the part of the January 27, 1989 district court order affirming that summary judgment is appealed from.

## II

Obviously the order denying Clausen's motion for summary judgment on Count I of Civil No. 87–362 is not appealable, and neither side contends otherwise. The notice of appeal thus is directed to the first ordering paragraph of the January 27, 1989 order, which affirmed the summary judgment in Clausen's favor in Adversary No. 87–0227(TW). Several questions must be resolved before we get to the merits of that paragraph.

### A

■ The first question is whether the January 27, 1989 order is a final judgment. *See* Fed.R.Civ.P. 54(b). A subsidiary question is whether it is any kind of a judgment, for Fed.R.Civ.P. 58 requires that "[e]very judgment shall be set forth on a separate document." Moreover "[a] judgment is only effective when so set forth and when entered as provided in Rule 79(a)." *Id.* The first ordering paragraph is set forth in the same document which disposes of a motion for summary judgment in a separate case, Civil No. 87–362, which has never been consolidated with No. 88–2351 (Adversary No. 87–0227(TW)). The order is, however, a separate document filed in the latter case, and while we strongly disapprove of the practice of disposing of separate issues in unconsolidated cases by use of a single order, we conclude that Rule 58 has been complied with sufficiently to treat the order appealed from as a judgment.

■ We also conclude that it is a final judgment, because it affirms a summary judgment which disposes of all claims in Adversary No. 87–0227(TW). Nothing was involved in that adversary proceeding except the enforceability of the Settlement Agreement as an unsecured claim against the debtor, Clausen. That matter has been entirely disposed of. The additional language in the first ordering paragraph, "subject to the right of Dynatron/Bondo to assert in its claim for patent infringement before this court the issue of its purge of any misuse of the patent in suit" has no bearing upon the claim against the debtor's estate. The language refers to a possible defense of patent misuse in the infringement action, an action in which, following confirmation of the debtor's plan, only post-bankruptcy infringement damages, future or past, would be recoverable.

### B

■ The next question is whether the appeal from this final judgment lies in this court or in the Court of Appeals for the Federal Circuit. Clausen suggests that it belongs in the Federal Circuit but concedes that, if it does, a transfer from this court to cure lack of jurisdiction, pursuant to 28 U.S.C. § 1631, would be permissible. Dynatron contends that the appeal lies here. The Court of Appeals for the Federal Circuit has exclusive jurisdiction "of an appeal from a final decision of a district court of

the United States ... if jurisdiction in that court was based, in whole or in part, on section 1338" of Title 28.   28 U.S.C. § 1295(a)(1).   Section 1338 confers on the district court exclusive original jurisdiction "of any civil action arising under an act of Congress relating to patents...."   28 U.S.C. § 1338(a).

We agree with Dynatron.   The order appealed from deals solely with the enforceability of the Settlement Agreement. Whether one starts with the proof of claim, with Clausen's adversary complaint, or with Dynatron's counterclaim, nothing else ever was in issue.   The Settlement Agreement is a contract.   In it Clausen has surrendered the opportunity to contest patent validity and has agreed to pay $5.00 for each putty pail it makes, uses, or sells, which falls within the claims of the patent, whether they are valid or not.   Thus, Dynatron is in exactly the same position as a patent licensor who seeks to enforce the terms of a patent license.   The governing rule is that a suit on an agreement such as this is not a civil action arising under the patent laws.   As the Supreme Court explains:

> [W]here a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the Court in declaring a forfeiture of the license or in restoring an unclouded title to the patent, he does not give the federal district court jurisdiction of the cause as one arising under the patent laws.   Nor may he confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe and therefore asks an injunction to prevent it....   If ... the patentee complainant had based his action on his patent right and had sued for infringement, and by anticipation of a defense of the assignment had alleged a forfeiture by his own declaration without seeking aid of the court, jurisdiction under the patent laws would have attached, and he would have had to

meet the claim by the defendant that forfeiture of the license or assignment and restoration of title could not be had except by a decree of a court, which if sustained, would have defeated his prayer for an injunction on the merits.   But when the patentee exercises his choice and bases his action on the contract and seeks remedies thereunder, he may not give the case a double aspect, so to speak, and make it a patent case conditioned on his securing equitable relief as to the contract.

*Luckett v. Delpark, Inc.,* 270 U.S. 496, 510–11, 46 S.Ct. 397, 401–02, 70 L.Ed. 703 (1926).   *See also Pratt v. Paris Gas Light & Coke Co.,* 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458 (1897); *Albright v. Teas,* 106 U.S. 613, 1 S.Ct. 550, 27 L.Ed. 295 (1882); *Wilson v. Sandfad,* 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850).   The fact that patent misuse and patent invalidity were potential defenses to the proof of claim for enforcement of the contract makes no difference.   *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (a case does not arise under the patent laws for purposes of sections 1338(a) and 1295(a)(1) because it involves a federal patent law defense); *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (state court may entertain suit on patent-license agreement involving defense of patent invalidity); *MacGregor v. Westinghouse Elec. & Mfg. Co.,* 329 U.S. 402, 67 S.Ct. 421, 91 L.Ed. 380 (1947) (same).

Since the only claim made in the proof of claim proceeding, Adversary No. 87–0227(TW), was for enforcement of the Settlement Agreement in accordance with its terms, the case was one arising under that agreement, and the district court did not have jurisdiction over it by virtue of section 1338(a).   If it did not, then the Federal Circuit does not have jurisdiction under section 1295(a)(1).   The appeal lies here.

### III

■ Since we have appellate jurisdiction we turn, finally, to the merits of the district court order which affirms the bankruptcy court's order for the reason that its

prior disposition of Count II of Civil No. 87–362 was *res judicata* on the issue of patent misuse:

> In determining the validity of a plea of *res judicata* three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Blonder–Tongue Laboratories, Inc. v. Univ. of Illinois Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 1439–40, 28 L.Ed.2d 788 (1971) (quoting *Bernhard v. Bank of America Nat. Trust & Sav. Ass'n,* 19 Cal.2d 807, 813, 122 P.2d 892, 895 (1942) (Traynor, J.)). The requirements of identity of issue and of privity may well be satisfied in the case before us. The requirement of finality, however, clearly is not. The adjudication relied upon was of the second count of a two count complaint in Civil No. 87–362. The first count is still pending in the district court. Thus the disposition of the second count falls squarely within Fed.R.Civ.P. 54(b). There has been no express determination that Count II is a separate claim on which a final judgment should be entered. Thus the disposition of Count II is interlocutory, and subject to reconsideration by the district court so long as Count I remains pending.

Since in granting summary judgment in Adversary No. 87–0227(TW) the bankruptcy court relied upon the *res judicata* effect of an interlocutory rather than a final judgment, that court erred, and on appeal the district court should have reversed the summary judgment.

## IV

The order of January 27, 1989 affirming summary judgment for Clausen in Adversary No. 87–0227(TW) will be reversed and the case remanded to the district court for entry of an order reversing that summary judgment.