NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2968

_____

DAVID CALHOUN,

Appellant

v.

LAWRENCE F. MURRAY; KENYA MANN;
JOEL GOLDSTEIN; UNITED STATES MARSHALS SERVICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-04707)
District Judge:  Honorable Ronald L. Buckwalter

_____

Argued November 14, 2012
Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed:  December 20, 2012)

David Calhoun
Elkton FCI
P.O. Box 10
Lisbon, OH  44432
        *Pro Se Appellant*

Loren L. AliKhan (ARGUED)
O'Melveny & Myers
1625 I Street N.W.
Washington, DC  20006
        *Counsel for Appellant*

John C. Manning (ARGUED)
Alan M. Robinson
Pennsylvania Board of Probation & Parole
Executive Offices
1101 South Front Street, Suite 5100
Harrisburg, PA  17104-1268
        *Counsel for Appellee, Lawrence Murray*

Charlene K. Fullmer (ARGUED)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
        *Counsel for Appellees, Kenya Mann,*
        *Joel D. Goldstein, and United States Marshals Service*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

David Calhoun appeals two orders of the District Court dismissing his claims against former Pennsylvania Board of Probation and Parole Secretary Lawrence F. Murray ("State Defendant/Appellee"), former Assistant U.S. Attorney Kenya Mann, Assistant U.S. Attorney Joel Goldstein, and the U.S. Marshals Service ("Federal Defendants/Appellees").  Calhoun alleges that the Appellees violated his liberty and caused him to be falsely imprisoned by keeping him in custody during his federal trial after he posted bail.  Because the District Court erred in dismissing Calhoun's claims against Mann and Goldstein on res judicata grounds and failed to provide adequate reasoning in dismissing Calhoun's claim against Murray, we will vacate the District

2

Court's orders and remand the case to the District Court for proceedings consistent with this opinion.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In December 2005, Calhoun was serving a state sentence when the Pennsylvania Department of Corrections transferred him to federal custody to stand trial in the Eastern District of Pennsylvania on federal drug charges. Calhoun posted bail on the federal drug charges on July 28, 2005, and his state sentence expired on February 23, 2006. Calhoun, however, remained in detention throughout his federal trial, which concluded with a guilty verdict and a sentence of 20 years imprisonment and 10 years supervised release. On August 17, 2006, Calhoun appealed his conviction on the basis of insufficiency of the evidence, trial court error, and prosecutorial misconduct. On May 1, 2008, this Court affirmed the judgment of the District Court. During Calhoun's criminal proceedings, Mann and Goldstein were counsel for the government. Mann was predecessor counsel; Goldstein was trial and appellate counsel.

In early 2008, Calhoun filed two suits, one in federal court ("original federal court action") and the other in Pennsylvania state court ("original state court action"), alleging that Murray, Mann, Goldstein, and the U.S. Marshals Service violated his liberty and

caused him to be falsely imprisoned. This appeal concerns the original state court action, but an explanation of both cases is pertinent to our analysis.

*No. 08-cv-0458 – The Original Federal Court Action*

The original federal court action was commenced on January 30, 2008, when Calhoun filed a complaint in the U.S. District Court for the Eastern District of Pennsylvania against Murray, Mann, Goldstein, and the U.S. Marshals Service. Calhoun asserted claims under 42 U.S.C. §§ 1983 and 1985 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants "worked in collusion to deprive [Calhoun] of his liberty in the form of false imprisonment" because "upon reaching his maximum term expiration date of his state sentence on Feb. 23, 2006, [Calhoun] remained in [the] custody of the federal authorities despite the fact that he had posted bail on his federal case."

On March 18, 2008, the District Court dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). The District Court held that the complaint did not state a claim against Murray, that Mann and Goldstein were absolutely immune from suit as prosecutors, and that the doctrine of sovereign immunity barred the claims against the U.S. Marshals Service. On March 27, 2008, Calhoun filed an amended complaint that dropped the U.S. Marshals Service as a defendant. Also, because Murray was no longer the Secretary of the Parole Board, the complaint was amended on September 17, 2008 to substitute the sitting Secretary, Cynthia Daub, as a defendant.

4

The defendants then filed motions to dismiss, which the District Court granted on December 18, 2008. With regard to Mann and Goldstein, the District Court concluded that it was reasonable for the federal prosecutors to believe that Calhoun's continued detention did not violate his constitutional rights. Accordingly, Calhoun's claims against Mann and Goldstein were dismissed on account of qualified immunity. With regard to Daub, the District Court held that although the amended complaint alleged claims against her predecessor, Murray, it did not allege that Daub "either directed or acquiesced in permitting the decision to detain [Calhoun] after the expiration of his state sentence," and therefore did not satisfy the personal involvement requirement of § 1983. The District Court entered a judgment dismissing the case.

On December 26, 2008, Calhoun filed a motion for reconsideration. With regard to Mann and Goldstein, Calhoun argued that the court should have permitted him to amend his complaint to present evidence of his claims. With regard to Daub, Calhoun asserted that he had sought an extension of time to respond to Daub's motion to dismiss, but his motion never reached the District Court. Calhoun explained that previous filings had not reached their intended recipients and that he had formally complained to this Court about the courthouse mailroom procedures. He attached as an exhibit to his motion a letter from the Circuit Executive stating that "[a]n investigation of [his] complaint revealed a problem with the mail intake process for the Courthouse and the Clerk's Office."

5

On January 22, 2009, the District Court denied reconsideration as to Mann and Goldstein, but held the motion in abeyance as to Daub. The District Court concluded that Calhoun's representation that he had filed an extension motion, coupled with the Circuit Executive's letter concerning problems in the courthouse mailroom, justified holding the reconsideration motion in abeyance so that Calhoun could respond to Daub's motion to dismiss. The District Court directed Calhoun to file that response by February 23, 2009. Calhoun subsequently filed the response on February 23, 2009, but the District Court has yet to rule on his reconsideration motion.

On February 24, 2010, after Calhoun filed a notice of appeal, this Court dismissed Calhoun's appeal for lack of appellate jurisdiction, noting that the District Court had yet to resolve the claims against Daub, and thus, the order was not yet appealable.

*No. 08-cv-4707 – The Original State Court Action*

After initiating the original federal court action, Calhoun attempted to assert similar claims in the Philadelphia Court of Common Pleas against Murray, Mann, Goldstein, and the U.S. Marshals Service. To this end, on February 14, 2008, Calhoun dispatched a "praecipe," which was styled as a complaint, to the Court of Common Pleas alleging that "the defendants have, in their negligence and/or deliberate indifference to [Calhoun's] liberty interest caused [Calhoun] to be falsely imprisoned through over-detention." The praecipe was never docketed in the Court of Common Pleas, however, and was instead docketed in the Commonwealth Court of Pennsylvania on May 2, 2008. On May 22, 2008, the Commonwealth Court dismissed the case as filed in error.

6

Calhoun filed a notice of appeal to the Supreme Court of Pennsylvania on June 4, 2008, challenging the Commonwealth Court's dismissal of the action without providing him an opportunity to respond. On September 17, 2008, the Supreme Court of Pennsylvania noted probable jurisdiction.

On September 30, 2008, the Federal Defendants filed a notice of removal of Calhoun's action to the U.S. District Court for the Eastern District of Pennsylvania, which was predicated on 28 U.S.C. § 1442(a) – the federal officer removal provision. On October 16, 2008, Calhoun filed an objection to the removal as untimely under § 1446(b)'s 30-day time period for removal. The Federal Defendants responded that their removal was not untimely because § 1446(b)'s 30-day time period commences upon service of the complaint, and they were never properly served. The District Court, on October 29, 2008, denied Calhoun's objection to the timeliness of removal.

On December 24, 2008, the Federal Defendants filed a motion to dismiss the removed action and argued that the dismissal of the original federal action was res judicata of the claims against defendants Mann and Goldstein in the removed action. The District Court subsequently, on March 26, 2009, dismissed the claims against defendants Mann and Goldstein on the basis of res judicata. The District Court also dismissed Calhoun's claim against the U.S. Marshals Service, construing the claim as one under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and concluding that Calhoun had not satisfied the prerequisites for such a claim.

On March 6, 2009, while the proceedings against the Federal Defendants were ongoing, Murray filed a motion to dismiss. On March 23, 2009, Calhoun requested a 45-day extension of the time within which to respond to Murray's motion to dismiss, explaining that he was proceeding pro se, had no legal training, and had limited access to the prison's law library. The District Court granted Calhoun's motion on May 12, 2009 and ordered him to respond within 14 days. On May 26, 2009, Calhoun filed a handwritten motion for an additional 30-day extension of time, explaining that he had been placed in a restrictive housing unit and was unable to access his legal materials. The District Court did not rule on this motion, and, on May 28, 2009, filed the following order:

> "[T]he motion to dismiss filed by Lawrence F. Murray is GRANTED. All claims against Lawrence F. Murray are DISMISSED. THIS CASE IS CLOSED."

Also on May 28, 2009, Calhoun filed a motion to amend his complaint, which was dismissed as moot on June 2, 2009. On May 29, 2009, Calhoun sought reconsideration, which was denied on June 25, 2009. Calhoun filed a timely notice of appeal with this Court on July 1, 2009. On February 1, 2010, the Federal Appellees filed a motion for summary affirmance, arguing that the issues on appeal were identical to the those raised in Calhoun's then-pending appeal in the original federal court action. On June 29, 2010, this Court denied the motion for summary affirmance, explaining:

> "To the extent Appellees are attempting to make a res judicata argument in support of their motion, we reject that . . . because there does not appear to

8

be a final appealable order in the DC No. 08-cv-0458 [the original federal court action].”

## II.

The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 due to Calhoun's appeal of a final order in the District Court.

This Court exercises de novo review of a district court's dismissal of a complaint, including dismissal based on res judicata. *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011). We review a district court's decision regarding a motion for extension of time for abuse of discretion. *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010). With regard to a district court's denial of a motion to remand, we exercise plenary review to the extent that the underlying basis for the motion presents a legal question. *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 287 (3d Cir. 2010).

## III.

## A.

As an initial argument, the Federal Appellees assert that the doctrine of derivative jurisdiction provides a basis for dismissal of Calhoun's claims against Mann and Goldstein in their official capacities along with Calhoun's claims against the U.S. Marshals Service.

Under the doctrine of derivative jurisdiction, a federal district court is without proper removal jurisdiction if the state court from which the case was removed lacked subject matter jurisdiction, even if the case could have originally been filed in federal court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Although the doctrine of derivative jurisdiction has been abrogated for removals under the general removal statute, 28 U.S.C. § 1441, *see* 28 U.S.C. § 1441(f), the doctrine arguably still applies to removals, as in this case, pertaining to federal officers, 28 U.S.C. § 1442. *See, e.g., Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); *Palmer v. City Nat'l Bank*, 498 F.3d 236, 246 (4th Cir. 2007).

Regardless of whether the District Court exercised proper removal jurisdiction of Calhoun's claims against Mann, Goldstein, and the U.S. Marshals Service, the doctrine of derivative jurisdiction does not deprive this Court of jurisdiction on appeal. While "[c]hallenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment," even for the first time on appeal, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004), challenges based on procedural defects in removal cannot be raised for the first time on appeal. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972).

Our jurisdiction on appeal in this matter is governed by *Grubbs* because "[t]he doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a procedural bar to the exercise of federal judicial power. That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject

10

matter jurisdiction." *Rodas*, 656 F.3d at 619; *see also Morda v. Klein*, 865 F.2d 782, 784 (6th Cir. 1989); *Foval v. First Nat'l Bank of Commerce in New Orleans*, 841 F.2d 126, 129 (5th Cir. 1988); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800-01 (9th Cir. 1987).

Each of Calhoun's claims could have been properly filed in the District Court. Therefore, we are not deprived of jurisdiction on appeal, despite the existence of any potential procedural errors in removal.

B.

Calhoun argues that the District Court erroneously dismissed his claims against Mann and Goldstein on the basis of res judicata and that res judicata cannot present a barrier to his claims because there has been no final judgment in his previous case, the original federal court action.[1]

---

[1] Calhoun asserts that this Court's June 29, 2010 denial of summary affirmance based on a lack of finality in the original federal court action is law of the case and binds our present consideration of the issue. However, the June 29, 2010 denial of summary affirmance was issued by a motions panel of this Court, and a decision of a motions panel is not binding on a merits panel for the purpose of the law of the case. *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 291-92 (3d Cir. 2007).

The preclusive effect of a federal court judgment is determined by federal law.[2] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). To succeed in the assertion of a res judicata defense, the defendant must show there has been "(1) a final judgment of the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010). Unless a court expressly determines that finality is warranted and there is no just reason for delay, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

In *Clausen Co. v. Dynatron/Bondo Corp.*, we vacated a judgment that was erroneously predicated on res judicata by holding that the finality requirement was not met:

> "The adjudication relied upon was of the second count of a two count complaint . . . . The first count is still pending in the district court. Thus the

---

[2] The District Court erroneously conducted a res judicata analysis under state law rather than federal law. The Federal Appellees attempt to justify the District Court's analysis by citing this Court's opinion in *Delaware River Port Authority v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002) ("A federal court looks to the law of the adjudicating state to determine its preclusive effect."). However, unlike Calhoun's case, in which the question is whether a previous *federal* court decision has a preclusive effect, *Delaware River* involved a question of whether a previous *state* court decision had a preclusive effect. Only when the previous decision comes from a state court will a federal court analyze the preclusive effect of the previous decision under state law.

disposition of the second count falls squarely within Fed. R. Civ. P. 54(b). There has been no express determination that Count II is a separate claim on which a final judgment should be entered. Thus the disposition of Count II is interlocutory, and subject to reconsideration by the district court so long as Count I remains pending."

889 F.2d 459, 466 (3d Cir. 1989).

Here, the District Court failed to consider the lack of finality in the original federal court action. In ruling on Calhoun's motion for reconsideration in the original federal court action, the District Court held as follows:

"Regarding Defendant Daub, Plaintiff's Motion for Reconsideration is HELD IN ABEYANCE. On or before February 23, 2009, Plaintiff shall provide this Court with his Response to Defendant Daub's Motion to Dismiss. Consistent with the local rules, Defendant Daub may reply to Defendant. At that time, this Court will reexamine the merits of Plaintiff's Motion for Reconsideration as it pertains to Defendant Daub."

Calhoun has since provided his response to Daub's motion to dismiss, but the District Court has yet to reexamine the merits of Calhoun's motion for reconsideration. The District Court, in the original federal court action, did not expressly determine that finality was warranted. Therefore, as in *Clausen*, the res judicata finality requirement has not been met because the previous adjudication was on only one count of a two count complaint, the other count is still pending, and the disposition of the adjudicated count is still subject to reconsideration by the District Court so long as the other count remains

13

pending. 889 F.2d at 466. The District Court thus erroneously dismissed Calhoun's claims against Mann and Goldstein on res judicata grounds.[3]

C.

Calhoun asserts that the District Court erred in not ruling on his motion for an extension of time to respond to Murray's motion to dismiss before granting Murray's motion to dismiss, thus effectively denying his motion for an extension of time. We review denials of motions for extension of time for an abuse of discretion. *See Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) ("We deem it self-evident that appellate courts cannot too easily agree to meddle in such case-management decisions lest the trial court's authority be undermined and the systems sputter.").

On March 6, 2009, Murray filed a motion to dismiss. On March 23, 2009, Calhoun moved for a 45-day extension of time to file a response. The District Court granted Calhoun's motion for a 45-day extension and, on May 12, 2009, informed Calhoun that he was required to respond within 14 days. When Calhoun subsequently

---

[3] The Federal Appellees, for the first time on appeal, argue that although the District Court based its decision on res judicata (or claim preclusion) grounds, the decision can be upheld on the basis of collateral estoppel (or issue preclusion). However, even under the less stringent standards for collateral estoppel, a prior adjudication must be "sufficiently firm" in order to have issue-preclusive effect, and an important criterion in assessing the firmness of the prior decision is "whether [the] decision could have been, or actually was, appealed." *Free Speech Coal., Inc. v. Att'y Gen. of the U.S.*, 677 F.3d 519, 541 (3d Cir. 2012). Because Calhoun attempted to appeal the District Court's order in the original federal court action, and this Court dismissed the appeal due to a lack of finality, we decline to hold that that the District Court's erroneous res judicata decision can be upheld on collateral estoppel grounds.

filed a handwritten motion for an additional 30-day extension of time, the District Court was under no obligation to grant the request. Thus, the District Court did not err in denying Calhoun's motion for an extension of time.

D.

Calhoun argues that the District Court erred in dismissing his claims against Murray without putting forth any reasoning or analysis. When a district court dismisses a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in order to be upheld, it must be evident that the district court dismissed the complaint because the complaint failed to state a claim, rather than because the non-moving party did not file a response to the moving party's motion to dismiss. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Here, after Calhoun filed his motion for an extension of time, the District Court issued the following order:

> "[T]he motion to dismiss filed by Lawrence F. Murray is GRANTED. All claims against Lawrence F. Murray are DISMISSED. THIS CASE IS CLOSED."

This order simply does not provide enough analysis for this Court to conclude that Calhoun's complaint against Murray was dismissed for valid reasons. As noted, the District Court was permitted to deny Calhoun's motion for an extension of time to file his response to Murray's motion to dismiss, but the District Court was not permitted to dismiss Calhoun's claims solely because he did not file a response. Thus, while we are mindful of the problems of district courts in dealing with a large volume of litigation, we

15

nevertheless conclude that under *Stackhouse*, the District Court erred in failing to provide any reasoning or analysis in this situation.

E.

Calhoun argues that this case should be remanded to the District Court with an order for the District Court to remand to the state court.[4] Calhoun specifically asserts that the case was untimely removed from the state court to the District Court and thus should be returned to the state court for proper adjudication. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The Supreme Court has recognized that "[a] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (emphasis added).

In regard to service of process upon the United States, its agencies, corporations, officers, or employees, the Federal Rules of Civil Procedure provide that "service of

---

[4] To be sure, because the District Court's orders will be vacated, this Court has the authority to order the District Court to remand the case to the state court. While an appellate court will not overturn a final judgment on the basis of a defect in removal if, at the time of judgment, the district court would have had subject matter jurisdiction over the action had it initially been brought in federal court, *see Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972), that rule does not apply when the court of appeals vacates the district court's judgment, leaving no judgment on the merits. *See* 16 James Wm. Moore, *Moore's Federal Practice* § 107.41[1][c][ii][C] (3d ed. 1997).

process shall be effected by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . and by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States." Fed. R. Civ. P. 4(i)(1).

Here, as noted by the Federal Appellees, the 30-day removal period of § 1446(b)(1) was never triggered because Calhoun failed to perfect service upon the defendants. According to the certificate of service, Calhoun's "praecipe," which was styled as a complaint, was sent to each of the defendants via first class mail without any accompanying summons. In addition, neither the United States Attorney for the Eastern District of Pennsylvania nor the Attorney General of the United States were served with the praecipe. Therefore, Calhoun never perfected service upon the defendants, and the 30-day time period for removing to federal court has not yet commenced. Removal was thus premature.

Despite this defect of premature removal, we decline to remand this case to the state court. Although the general removal statute, 28 U.S.C. § 1441, is to be strictly construed in favor of state court adjudication, *see Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985), the federal officer removal statute, 28 U.S.C. § 1442, upon which removal was premised in this matter, should be broadly construed in favor of a federal forum. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994). This is because "one of the primary purposes for the [federal officer] removal statute – as its history clearly demonstrates – was to have [federal] defenses litigated in

17

the federal courts" including "the defense of official immunity." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

There are a number of factors weighing against remand to the state court in this matter. First, the gravamen of Calhoun's claims are federal in nature, involving federal actors, and are better suited for a federal forum. Second, the procedural defect in removal was not the result of bad faith or undue delay on the part of the defendants. Third, a remand to the state court for Calhoun to formally perfect service so that the defendants can properly remove the case to the District Court would be a waste of judicial resources. The District Court has subject matter jurisdiction over Calhoun's claims and the procedural defect in removal does not outweigh the policy considerations of keeping this case in federal court.[5]

## IV.

The District Court erred in dismissing Calhoun's claims against Mann and Goldstein on res judicata grounds and failed to provide adequate reasoning in dismissing Calhoun's claim against Murray. Thus, we will vacate the District Court's orders and remand the case to the District Court for proceedings consistent with this opinion.[6]

---

[5] We have also considered Calhoun's arguments that the District Court erred in not allowing him to amend his complaint and that removal was improper because it occurred while the case was in an appellate posture. Neither argument has merit or warrants further discussion.

[6] We note once again, as we did at oral argument, our appreciation of the excellent work of appointed counsel for Calhoun.