Denise **SELVAGGIO**

v.

William E. **HORNER,** et al.

**Civil Action No. 14–4109.**

United States District Court, E.D. Pennsylvania.

Signed Aug. 27, 2014.

Filed Aug. 28, 2014.

Thomas J. O'Malley, Media, PA, for Denise Selvaggio.

Christine E. Munion, Law Offices William J. Ferren & Associates, Blue Bell, PA, for William E. Horner, et al.

*MEMORANDUM*

BARTLE, District Judge.

Plaintiff Denise Selvaggio instituted this action against William E. Horner and Margaret E. Horner, individually and as co-trustees of the Horner Family Revocable Trust (the "Horners"). Plaintiff alleges she sustained injuries as a result of a slip and fall on real estate owned by defendants in Nottingham, Pennsylvania. According to the complaint, the property was leased to the United States Postal Service which operated a Post Office on the premises at the time of the incident.

Plaintiff sued the Horners in the Court of Common Pleas of Chester County. The Horners thereafter filed a "joinder complaint," that is, a third-party complaint, in that court against the United States for contribution and indemnification. The United States removed the action to this forum under 28 U.S.C. § 1442(a)(1). Now pending is the motion of the United States to dismiss the Horners' third-party complaint against it for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

■■■ Under 28 U.S.C. § 1442(a)(1), the United States may remove an action to the district court whenever the action is brought in the state court against it, a federal agency, or a federal officer.[1] Removal is permitted regardless of whether the action is removable under 28 U.S.C. § 1441, the general removal statute.[2]

---

1. Title 28 U.S.C. § 1442(a)(1) provides in relevant part:

(a) A civil action ... that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of

any agency thereof, in an official or individual capacity ....

2. Title 28 U.S.C. § 1441(a) states:

(a) **Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

When a case is removed under § 1442(a)(1), the jurisdiction of the federal court is derivative of that of the state court. If the state court lacked subject matter jurisdiction, the federal court lacks jurisdiction even if the federal court would have had jurisdiction had the action been initiated in this forum. *See, e.g., Lambert Run Coal Co. v. Baltimore & O.R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Palmer v. City Nat'l Bank,* 498 F.3d 236, 245–48 (4th Cir.2007). In this case, the state court had no jurisdiction to adjudicate an action against the United States for negligence at a Post Office. Such claims against the United States are within the exclusive jurisdiction of the federal courts under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b)(1); 2679(b)(1); *Clinton Cnty. Comm'rs v. EPA,* 116 F.3d 1018, 1021 (3d Cir.1997).

The Court of Appeals for the Fourth Circuit explored derivative jurisdiction at length in *Palmer.* The court explained that this doctrine often strangely leads to a federal court dismissing a removed action over which it would otherwise exercise exclusive jurisdiction simply because the state court where the case was originally filed had no jurisdiction. *See id.* at 244. For this reason, the derivative jurisdiction doctrine has faced considerable adverse criticism. *Id.* (citing *Washington v. Am. League of Prof'l Baseball Clubs,* 460 F.2d 654, 658–59 (9th Cir.1972); *Welsh v. Cunard Lines, Ltd.,* 595 F.Supp. 844, 846 (D.Ariz.1984)).

As a result, Congress amended the general removal statute, 28 U.S.C. § 1441, to add that "[t]he court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637 (1986) (codified as amended at 28 U.S.C.A. § 1441(f) (2007)); *Palmer,* 498 F.3d at 245. This provision has since been revised to state: "The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f) (emphasis added). In its current iteration, the plain language of the statute frees a district court from the limits of derivative jurisdiction only in cases removed pursuant to § 1441. *Id.; Palmer,* 498 F.3d at 245–46. A recent non-precedential opinion of our Court of Appeals is consistent with this conclusion. *See Calhoun v. Murray,* 507 Fed.Appx. 251, 256 (3d Cir.2012).

■ This action was removed by the United States under § 1442(a)(1) and not under § 1441(a). Our jurisdiction thus remains derivative of that of the Court of Common Pleas. As noted above, since the state court had no power to adjudicate a claim against the United States for negligence at a Post Office, this court likewise has no power to adjudicate this claim against it. Nonetheless, this lack of jurisdiction does not prevent the plaintiff or the Horners from initiating a separate action against the United States in this court under the FTCA once all the prerequisites of such a lawsuit have been met.[3]

---

States for the district and division embracing the place where such action is pending.

**3.** We note that a plaintiff is ordinarily required to exhaust administrative remedies before bringing an FTCA claim in federal court.

28 U.S.C. § 2675(a). Third-party complaints allowed under the Federal Rules of Civil Procedure are not subject to this requirement. *Id.* The plaintiff in this action, Denise Selvaggio, brought an administrative tort claim be-

The Horners maintain that removal would be more properly based on 28 U.S.C. § 2679(d), which allows removal of an action brought against an employee of the federal government after the United States Attorney General certifies that the employee was working within the scope of his or her employment. The Horners rely on *Thompson v. Wheeler*, in which our Court of Appeals allowed an FTCA action to proceed under § 2679(d) despite its original removal under § 1442(a)(1). 898 F.2d 406, 409 (3d Cir.1990). We are not persuaded. By its terms § 2679(d) confers no jurisdiction when, as here, no federal employee has been sued and thus no certification from the Attorney General is or will be forthcoming.

Accordingly, the motion of the United States to dismiss the Horners' third-party complaint against it will be granted for lack of subject matter jurisdiction. This ruling is without prejudice to the right of the plaintiff or the Horners to file a timely action against the United States in this court under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

The plaintiff and the Horners are citizens of Pennsylvania. Because we have no independent basis for jurisdiction over plaintiff's negligence claim against the Horners, we are remanding the remainder of this action to the Court of Common Pleas of Chester County.

### ORDER

AND NOW, this 27th day of August, 2014, it is hereby ORDERED that:

(1) the motion of the third-party defendant United States of America to dismiss the action as to it for lack of subject-

fore the U.S. Postal Service, which was denied in July 2014 after the United States had

matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. # 4) is GRANTED; and

(2) the action insofar as plaintiff Denise Selvaggio has sued defendants William E. Horner and Margaret E. Horner, individually and as co-trustees of the Horner Family Revocable Trust, is REMANDED to the Court of Common Pleas of Chester County, Pennsylvania.

removed the case to this court.